CRANE CONSTRUCTION
CO., Plaintiff,

v.

KLAUS MASONRY and Coates
Roofing Co., Inc.,
Defendants.

No. Civ.A. 97–1502–MLB.

United States District Court,
D. Kansas.

Oct. 7, 1999.

■■■■

Wyatt A. Hoch, Foulston & Siefkin L.L.P., Wichita, KS, Patrick J. O'Connor, Jr., James J. Hartnett, IV, Faegre & Benson, LLP, Minneapolis, MN, for Crane Const. Co., plaintiff.

Ron C. Campbell, Lyndon W. Vix, Fleeson, Gooing, Coulson & Kitch, L.L.C., Wichita, KS, for Klaus Masonry, defendant.

Craig Kennedy, Johnson, Kennedy, Dahl & Willis, Wichita, KS, for Wichita Steel & Precast Erection Co., defendant.

William R. Smith, J. Philip Davidson, Bradley S. Parker, Wallace, Saunders, Austin, Brown & Enochs, Chartered, Wichita, KS, Jerome V. Bales, Lathrop & Gage L.C., Kansas City, MO, Nicholas E. Bragorgos, McNabb, Holley & Waldrop, PLLC, Memphis, TN, for Coates Roofing Co., Inc, defendant.

Ron C. Campbell, Fleeson, Gooing, Coulson & Kitch, L.L.C., Wichita, KS, for Brad Murray Inc., defendant.

### MEMORANDUM AND ORDER

BELOT, District Judge.

This matter is currently before the court on Klaus Masonry's motion to dismiss (Doc. 112). In ruling on the motion, the court considered Klaus Masonry's motion and supporting memorandum (Docs. 112 and 113), Crane Construction Company's (Crane's) response (Doc. 119), Klaus Masonry's reply (Doc. 124), and Crane's surreply (Doc. 131),[1] as well as the amended complaint itself (Doc. 2). Klaus Masonry seeks dismissal on the ground that it is not a legal entity and therefore, not subject to suit. A telephone conference call (the "conference") was held with the parties on October 4, 1999 to discuss the motion.

For the reasons discussed in this opinion, the motion is sustained.

## I. RELEVANT BACKGROUND

Crane filed this action (Doc. 1) on November 10, 1997.[2] On November 20, 1997, before any defendant answered the complaint, Crane filed an amended complaint (the "complaint") (Doc. 2). The complaint names "Klaus Masonry" as a defendant in the action and, upon information and belief, claims it is a sole proprietorship or partnership. (Doc. 2 at ¶ 2). "George Klaus d/b/a Klaus Masonry" answered Crane's complaint and asserted that it was a sole proprietorship owned by George Klaus, who died on December 2, 1994. (Doc. 10 at ¶ 2). Additionally, Klaus Masonry plead non-claim statute and insufficiency of service of process defenses in its answer to Crane's complaint. (Doc. 10 at ¶¶ 10 and 12).

Crane previously had been notified of George Klaus's death by Klaus Masonry's insurance carrier in a letter dated December 19, 1994. (Doc. 119 at 3, ¶ 10; Doc. 99, Ex. A). However, Crane was never served a petition for administration or probate of George Klaus's estate. (Doc. 119 at 4, ¶ 11). During the conference, both parties agreed that no petition for administration of George Klaus's estate or probate of his will was ever filed.

In April 1995, Michael Klaus, George Klaus's son, formed Klaus Masonry, LLC. (Doc. 119 at 3, ¶ 8). Since 1979, Michael Klaus had worked for his father. (Doc. 99, Mike Klaus affidavit). During construction of the Wichita Sam's Club, he worked as a brick layer for his father's business. (Doc. 119 at 3, ¶ 9).

## II. LEGAL EXISTENCE OF KLAUS MASONRY

Klaus Masonry claims it has no legal existence and consequently, cannot be sub-

---

1. Crane's motion for leave to file a surreply is granted.

2. The nature and facts of this case are discussed in detail in the court's summary judgment order. (Doc. 123). Only matters relevant to the current motion are discussed here.

ject to suit. Under Fed.R.Civ.P. 17(b), an unincorporated entity's *capacity* to be sued is determined by the law of the state in which the district court sits. Accordingly, the court looks to Kansas law to determine whether Klaus Masonry is a legal entity capable of being sued.[3]

■ Under Kansas law, absent qualifying statutes otherwise, individuals and corporations are the only legal entities capable of suing or being sued. *See Kansas Private Club Ass'n v. Londerholm,* 196 Kan. 1, 3, 408 P.2d 891, 893 (1965). Crane's counsel admitted during the conference that Klaus Masonry was a sole proprietorship and that Kansas law does not permit suit against sole proprietorships. Consequently, Klaus Masonry cannot be sued in its own right.

Despite Crane's agreement, it advances three reasons the motion should be denied: 1) Klaus Masonry's motion is untimely and prejudicial; 2) Klaus Masonry, LLC is liable to Crane as a successor entity of George Klaus's sole proprietorship; and 3) Crane has stated a viable claim against the estate of George Klaus.

## III. *WAIVER OF THE DEFENSE*

■ Crane argues that Klaus Masonry's assertion of the defense in its current motion is untimely and prejudicial because the initial dispositive motion deadline was set for September 1, 1998. (Doc. 23). During a subsequent conference with Magistrate Judge Karen Humphreys, the parties discussed an extension of the deadline. According to Crane, Klaus Masonry's counsel informed Magistrate Judge Humphreys that he did not intend to file any dispositive motions. Crane, however, sought and received an extension to Janu-

ary 8, 1999. (Doc. 80). Because Klaus Masonry did not seek an extension, Crane argues Klaus Masonry is bound by the September 1, 1998 deadline and is procedurally barred from raising its current defense in a dispositive motion.[4] (Doc. 119 at 4). Furthermore, Crane contends it is inherently unfair and unjustifiable for Klaus Masonry to raise the defense on the "eve of trial." (Doc. 119 at 6). For these reasons, Crane urges the court to summarily deny the motion regardless of its merits.

Klaus Masonry makes no attempt to justify its belated motion. Instead, it claims suit against a non-entity is *void ab initio* and relates to the court's subject matter jurisdiction. In support of its position, it relies on 59 Am.Jur.2d § 239 (1987), which provides:

> [T]he matter of the existence of the person named as plaintiff goes to the existence of a cause of action, relates to substance rather than procedure, and is jurisdictional. Accordingly, it is held that nonexistence of the plaintiff, or want of legal entity, constitutes a plea in bar, that an action brought in the name of a single nonexistent plaintiff is a mere nullity, and that the objection of nonexistence is not subject to waiver.
>
> The foregoing jurisdictional rule in regard to the existence of a party plaintiff is also applied to the existence of a party defendant, and it is held that where a suit is brought against an entity which is legally nonexistent, the proceeding is void ab initio.

(Footnotes omitted). The aforementioned rule, as it applies to nonexistent defendants, is supported by citation to a lone 1963 California appeals court decision, *Oli-*

---

**3.** The court is not entirely sure that Rule 17(b) governs the law applicable to Klaus Masonry's motion. Unlike Fed.R.Civ.P. 9(a), Rule 17(b) refers only to "capacity." In contrast, the text of Rule 9(a) refers to both "capacity" and "legal existence." The drafters may have intended Rule 17(b) to cover the issue of legal existence; however, the question is merely academic. In this case, it is clear, regardless of Rule 17(b)'s applicability, that Kansas law

governs whether Klaus Masonry is a legal entity capable of being sued; neither party claims otherwise.

**4.** Crane's counsel stated during the conference that he assumed Klaus Masonry had either abandoned the defense or would present the defense at trial because no extension was sought.

*ver v. Swiss Club Tell*, 35 Cal.Rptr. 324, 222 Cal.App.2d 528 (1963). Klaus Masonry also cites an additional state court decision, *Bowers v. Du Page County Board of School Trustees*, 183 Ill.App.3d 367, 131 Ill.Dec. 893, 539 N.E.2d 246 (1989), for the proposition that suit against a non-existent defendant is *void ab initio* and may be raised at any time throughout the proceedings. Relying on this authority, Klaus Masonry claims 1) it can raise the defense at any time and/or 2) the court does not have subject matter jurisdiction of a claim against a non-existent defendant, which, under Rule 12(h)(3), can be raised throughout a proceeding.

■ Klaus Masonry provides no federal authority for its position, which is problematic. In a diversity action, state law controls the nature of a defense, *i.e.*, whether Klaus Masonry is a legal entity capable of suit, but federal rules govern the manner and time the defense is raised, and waiver of the defense. *See Morgan Guar. Trust Co. v. Blum*, 649 F.2d 342, 344 (5th Cir.1981). The defense Klaus Masonry attempts to raise is addressed in Fed. R.Civ.P. 9(a), which provides that a party desiring to raise "an issue as to the legal existence of any party ... shall do so by specific negative averment." Rule 9(a) matters are waived if not raised in a timely manner. *See Pressman v. Estate of Steinvorth*, 860 F.Supp. 171, 176 (S.D.N.Y.1994) (addressing the defense of capacity); *see also* 2 James Wm. Moore, Moore's Federal Practice ¶ 9.02[6] (3d ed. 1999) ("Lack of capacity, authority, or legal existence are defenses that may be waived if not raised in a timely manner."). Generally, Rule 9(a) defenses must be raised at the *outset of a lawsuit* to avoid waiver, *see Pressman*, 860 F.Supp. at 176, but there seems to be no consensus on the exact point at which waiver occurs. Professors Wright and Miller state that early waiver is required to give meaning to the rule's re-quirement that matters addressed in Rule 9(a) be put in issue by "specific negative averment." 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1295, at 574 (2d ed.1990). Consequently, under federal law, legal existence is not a jurisdictional issue and cannot be raised at any time in the proceeding. *See, e.g., Summers v. Interstate Tractor & Equipment Co.*, 466 F.2d 42, 50 (9th Cir. 1972) ("The question of a litigant's capacity or right to sue *or to be sued generally* does not affect the subject matter jurisdiction of the district court." (emphasis added)); *see generally Swaim v. Moltan Co.*, 73 F.3d 711, 715 (7th Cir.1996) (defendant forfeited right to appeal the issue of its legal nonexistence because it was not included in defendant's Rule 60(b) motion to the district court).[5]

Crane has not expressly raised the issue of whether Klaus Masonry waived its right to assert legal non-existence as a defense. However, given Crane's strenuous objection to Klaus Masonry's delay in bringing the motion, the court is compelled to address the issue. The answer identifies that Klaus Masonry is a sole proprietorship and that George Klaus died, doc. 10 at ¶ 2, but nowhere does it affirmatively assert that Klaus Masonry is legally non-existent. Without such an affirmative assertion of the defense, Rule 9(a)'s requirement that matters be plead by specific negative averment would be eviscerated.

Despite the answer's silence, the pretrial order expressly identifies the issue in Klaus Masonry's contentions:

Klaus Masonry is *not a legal entity*. George Klaus was the owner of Klaus Masonry. The work was performed by George Klaus d/b/a Klaus Masonry. George Klaus died on December 2, 1994. Plaintiff was aware of this fact, but did not file a claim against the estate. Ac-

---

**5.** *Swaim* evidences that legal non-existence is not an issue of subject matter jurisdiction in federal court. Instead, the court characterized the defense as a capacity issue, waivable if not asserted by "specific negative aver-ment," and properly addressed by district courts. 73 F.3d at 718. Had it been a jurisdictional issue, the court would have been able to address the argument on appeal.

cordingly, plaintiff's claim against Klaus is barred by the non-claim statute.

(Doc. 91 at 5) (emphasis added). This inclusion is sufficient to avoid waiver because, "[w]hen an issue is set forth in a pretrial order, it is not necessary to amend previously filed pleadings," *Expertise, Inc. v. Aetna Fin. Co.*, 810 F.2d 968, 973 (10th Cir.1987); including new matters in the pretrial order has the effect of amending the pleadings, *see 999 v. C.I.T. Corp.*, 776 F.2d 866, 870 n. 2 (9th Cir.1985). As a result, the court finds that the defense was raised by specific negative averment.

■ The pretrial order raised the issue approximately one year after the complaint was filed, not at the "outset of the litigation," but it was sufficiently early to avoid waiver. First, there is no indication Crane was prejudiced by Klaus Masonry's delay. As one of Crane's counsel admitted, a claim could not have been filed against the estate of George Klaus because the Kansas non-claims statute had already run prior to the filing of this case. Second, Crane did not object when the issue was raised in the pretrial order. Instead, it continued to pursue an action against a non-entity, and it took no steps to name the real party in interest in this action, as it claims it is clearly entitled to do now under Rule 15(c)(3). Finally, Crane had knowledge that Klaus Masonry was a sole proprietorship before it even filed the current action, *see* doc. 124, June 6, 1996 letter, yet Crane still chose to bring suit against "Klaus Masonry." [6] Thus, for these reasons, the court finds that Klaus Masonry's delay is not fatal to the defense. The failure to file the motion prior to the dispositive motion deadline, however, has repercussions that are explained later in this opinion.

## IV. *KLAUS MASONRY, LLC AND SUCCESSOR LIABILITY*

■ Crane also argues the motion must be denied because Klaus Masonry, LLC is liable as a successor entity to George Klaus's business. (Doc. 119 at 8). The argument is unavailing because Klaus Masonry, LLC is not a party to this action. The complaint names "Klaus Masonry" as a defendant and seeks recovery for breach of an indemnification agreement. It does not name Klaus Masonry, LLC as a party nor identify successor liability as a theory of relief. Moreover, Klaus Masonry, LLC and successor liability are not mentioned in the pretrial order, and any issues involving the two subjects are excluded from this action. *See, e.g., Tyler v. City of Manhattan*, 118 F.3d 1400, 1403 (10th Cir.1997) (stating that the pretrial order controls the subsequent course of litigation).

Although Crane's counsel arduously argued the issue, the court finds the successor liability argument somewhat disingenuous. It is unfathomable, if Crane thought that Klaus Masonry, LLC was liable for George Klaus's work, that it would not seek to amend the complaint to state such a claim against Klaus Masonry, LLC or that it would fail to include the issue in the pretrial order. Crane's counsel suggested it was not included in the pretrial order because successor liability would be a defense to Klaus Masonry's non-existent defendant defense, and that he did not want to suggest "affirmative type defenses" to Klaus Masonry's counsel.

This justification withstands little scrutiny. Successor liability is not a defense, it is a theory of recovery; it is imposed on a purchasing entity when the purchasing entity is a mere continuation of the purchased entity. To impose liability, an action must be filed against the successor entity and the cause of action must be plead in a complaint and included as a basis for relief in a pretrial order. *See generally Glass v. Pfeffer*, 849 F.2d 1261 (10th Cir.1988) (affirming imposition of liability on a *successor* entity); *Inter–Amer-*

---

**6.** Crane's counsel explained there was confusion over Klaus Masonry's organization status prior to the filing of the lawsuit. Regardless of any confusion, however, the answer clearly indicated that Klaus Masonry was a sole proprietorship, but even after the answer, Crane made no attempt to clarify who it had brought suit against.

*icas Ins. Corp. v. Xycor Systems, Inc.,* 757 F.Supp. 1213, 1218 (D.Kan.1991) (explaining when a *successor* corporation is liable under Kansas law for debts of predecessor entity). There is no valid reason for excluding the issue from the pretrial order.

Additionally, Crane's counsel raised the possibility that if Crane received a judgment against "Klaus Masonry," it may be able to collect it against Klaus Masonry, LLC. While it may be true in certain cases that "a judgment creditor can proceed against the judgment debtor's successor for an unsatisfied judgment ... obtained in a prior action," 15 Stephen M. Flanagan et al., Fletcher Cyclopedia of the Law of Private Corporations § 7122, at 233 (1990), the judgment would necessarily have to be against the predecessor entity, which in this case is George Klaus or his estate, both of which are legal non-parties for the reasons explained herein. The argument provides no basis for denying the motion.

## V. SUIT AGAINST THE ESTATE OF GEORGE KLAUS

■ In a similar argument, Crane claims the motion should be denied because it has stated a viable claim against the estate of George Klaus. There are two components to Crane's argument: 1) that the estate of George Klaus is a party to this action, and 2) that its claim is not barred by the Kansas non-claims statute, K.S.A. § 59–2239.[7]

Crane argues George Klaus's estate is a party to this action because the answer filed specifies it is on behalf of "George Klaus d/b/a Klaus Masonry." Moreover, because George Klaus was deceased when this action was filed, the answer could only have been on behalf of his estate. (Doc. 119 at 7). Crane cites no support for its assertion that the estate necessarily has to be a party to this action under the current

circumstances. The argument is fundamentally flawed because Crane's counsel admitted that no petition for administration of George Klaus's estate or probate of his will has ever been filed. Accordingly, there is no estate that could be a party to this suit.

The second component of the argument is similarly flawed. Crane claims the non-claim statute is inapplicable because it never received notice of a petition for administration or probate of George Klaus's estate as required by K.S.A. § 59–709. Notice, however, is not required unless a petition is filed, which, after George Klaus's death, never occurred. Crane, as an alleged creditor of George Klaus, could have filed a petition for administration or probate under K.S.A. § 59–2221, but it failed to do so. As a result its claims were barred prior to the filing of its current suit.

For these reasons, Crane has not brought a valid claim against the estate of George Klaus, and even if it had, the claim would be barred by K.S.A. § 59–2239. The likely reason Crane named "Klaus Masonry" as the party to the suit is because it knew any claim against George Klaus's estate was barred, but a judgment against "Klaus Masonry" would possibly be a vehicle through which it could collect on George Klaus's insurance policy. As Crane's counsel stated, this case has always been about insurance coverage.

Crane's counsel raised the possibility that a judgment against "Klaus Masonry" could be collected by bringing a garnishment action against an insurance policy identified in the certificate of insurance provided by George Klaus.[8] Although Kansas law may not be applicable in such a suit, it is illustrative of why Crane's argument does not persuade the court to deny the motion. Under Kansas law, a

---

7. K.S.A. § 59–2239 provides in part:
No creditor shall have any claim against or lien upon the property of a decedent other than liens existing at the date of the decedent's death, unless a petition is filed [for probate of a will or administration of an estate] within six months after the death of

the decedent and such creditor has exhibited the creditor's demand in the manner and within the time prescribed by this section, except as otherwise provided by this section.

8. The certificate is not in the record.

garnishment action is a proper procedure to determine a garnishee-insurer's liability for a judgment obtained against *its insured. See Sapp v. Greif,* 961 F.Supp. 243, 246 (D.Kan.1997). Here, Klaus Masonry is not the insured. The insured, under the policy Crane discusses, is obviously George Klaus because he was directly liable for any work performed by his business, which operated as a sole proprietorship. Thus, in order for Crane to garnish the insurance policy, it would have to obtain a judgment against George Klaus, or, after his death, his estate.

Similarly, a judgment creditor in a garnishment action stands in the shoes of the judgment debtor and can only enforce the rights against an insurer which the judgment debtor itself could enforce. *See id.* Klaus Masonry, as a sole proprietorship in its own right, has no basis to enforce the insurance policy because a sole proprietorship is unable to bring suit in its own name. Therefore, if Crane obtained a judgment against Klaus Masonry, it would succeed to no rights. Thus, the current suit against Klaus Masonry does nothing to further garnishment of the policy.

## VI. *DISPOSITIVE MOTION DEAD-LINE*

█ Finally, the court addresses Crane's justifiable contention that Klaus Masonry's motion was filed after the dispositive motion deadline. Regardless of whether the court considers the relevant deadline September 1, 1998 (Doc. 23) or January 8, 1999 (Doc. 80), Klaus Masonry's motion is past due. Rule 16(b), in relevant part, specifies that a scheduling order shall not be modified "except upon a showing of good cause and by leave of the district judge." During the conference, Klaus Masonry's counsel was unable to offer any explanation sufficient to establish good cause for the delay. Therefore, Klaus Ma-

sonry violated Rule 16(b) by filing the motion after the deadline.

Rule 16(f) provides authority for the court to deny the motion solely because it was filed after the deadline. However, the court finds that permitting Crane's case against Klaus Masonry to proceed to trial is futile because Crane could never survive a Rule 50 challenge based on the reasons previously discussed in this opinion. Even if it could survive such a challenge, there is no entity against which it could enforce the judgment. Also, both Crane and Klaus Masonry would incur needless expense in preparing for trial, and the court would waste judicial resources. However, Rule 16(f) requires the court to access Crane's costs, expenses and attorneys fees incurred in responding to the late motion against Klaus Masonry's law firm.[9]

## VII. *CONCLUSION*

Klaus Masonry's motion to dismiss (Doc. 112) is sustained. The law firm representing Klaus Masonry shall reimburse Crane for all reasonable costs, expenses and attorneys fees associated with its response to the motion. Reimbursement shall be made on or before November 1, 1999.

IT IS SO ORDERED.

---

9. Rule 16(b) does not expressly require denial of a motion filed in violation of the court's scheduling order. Rule 16(f) provides the applicable sanctions for all violations of Rule 16, and great leeway is accorded the court.

Attorneys fees are sufficient to remedy Klaus Masonry's delay. *See* Fed.R.Civ.P. 1 ("[The federal rules] shall be construed and administered to secure the just, speedy, and inexpensive determination of every action.").