**CRANE CONSTRUCTION COMPANY, Plaintiff,**

v.

**KLAUS MASONRY, LLC, Defendant.**

**No. 99–1490–WEB.**

United States District Court, D. Kansas.

July 6, 2000.

Wyatt A. Hoch, Foulston & Siefkin L.L.P., Wichita, KS, Patrick J O'Connor, Jr., James J Hartnett, IV, Michael B Lapicola, Faegre & Benson, LLP, Minneapolis, MN, for plaintiff.

Jeffrey L. Kennedy, Jack Balderson, Jr., Martin, Pringle, Oliver, Wallace & Swartz, L.L.P., Wichita, KS, for defendant.

### Memorandum and Order

WESLEY E. BROWN, Senior District Judge.

This matter is before the court on the defendant's motion to dismiss the complaint. The motion raises a question of "successor liability." Specifically, the issue is whether the defendant Klaus Masonry, LLC, can be held responsible for an alleged liability of Klaus Masonry, a sole proprietorship that was owned by George Klaus until his death in 1994. The plaintiff alleges that Klaus Masonry, LLC is "a continuation of and successor to Klaus Masonry" and is liable for the alleged obligation. The defendant denies it can be held liable under this continuation theory and argues that plaintiff has failed to state a claim upon which relief can be granted. The court finds that oral argument would not assist in deciding the issues presented.

I. *Standards Governing Motion to Dismiss.*

A complaint should not be dismissed for failure to state a claim unless it appears

beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In considering a motion to dismiss, "[a]ll well-pleaded facts, as distinguished from conclusory allegations, must be taken as true" and all reasonable inferences must be indulged in favor of the plaintiff. *Swanson v. Bixler,* 750 F.2d 810, 813 (10th Cir.1984). The question is not whether a plaintiff will ultimately prevail, but whether he is entitled to offer evidence in support of his claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

## II. *Facts.*

Crane is a general contractor that, in the early 1990's, was hired by Wal–Mart Stores, Inc., to build numerous stores throughout the southern United States. In 1992 Crane entered a contract with Wal–Mart to build a Sam's Club store located in Wichita, Kansas (the "Wichita Project"). Crane subcontracted the project masonry work to an entity that identified itself as "Klaus Masonry." George Klaus, identified as the owner, signed the subcontract for Klaus Masonry. At that time, Klaus Masonry was a sole proprietorship owned by George Klaus.

In 1993, Crane sued Wal–Mart, alleging non-payment on portions of the Wichita project and other projects. Wal–Mart counterclaimed, alleging defects in the construction on several jobs, including the Wichita project. The action was maintained in U.S. District Court in Memphis, Tennessee. In November of 1994, Crane notified Klaus Masonry of the suit and demanded, pursuant to an indemnity clause in the subcontract, that Klaus Masonry indemnify Crane for losses associated with Wal–Mart's claims. Although Crane initially asserted a claim against Klaus Masonry in the Tennessee suit, that claim was voluntarily dismissed without prejudice for lack of personal jurisdiction.

George Klaus, the owner of Klaus Masonry, died on December 2, 1994. On December 19, 1994, Crane received notice of George Klaus's death in a letter sent by an insurance carrier. The letter identified Klaus Masonry as "a small family-operated concern," and identified George Klaus as "the company's president." The letter did not advise Crane that the company was a sole proprietorship or that Crane's claims needed to be pursued against the estate of George Klaus.[1] Crane was not informed that Klaus Masonry was a sole proprietorship or that there were allegedly no assets in the estate of George Klaus until June of 1996, which was after the expiration of the non-claim statute.

In April of 1995, Michael Klaus, George Klaus's son, formed Klaus Masonry, LLC, a domestic limited liability company, headquartered in Hays, Kansas. The headquarters of the sole proprietorship had also been in Hays. Klaus Masonry, LLC, continued in the same business of masonry construction as the sole proprietorship, and assumed the trade name of the sole proprietorship. There was also a transfer of assets from the sole proprietorship to Klaus Masonry, LLC, including the goodwill of the sole proprietorship. Michael Klaus had been one of the principal employees of the sole proprietorship, and had performed some of the masonry work challenged by Wal–Mart.

In August of 1996 Crane and Wal–Mart settled their respective claims against each other. In November 1997, Crane commenced an action against "Klaus Masonry" in the U.S. District Court for the District of Kansas, Case No. 97–1502–MLB (the "Klaus action"), based upon the indemnity clause in the subcontract. In that action, Crane alleged that Klaus Masonry was either a sole proprietorship or a partnership. Service of process was obtained on Mike Klaus at his place of business in Hays. An answer was filed on December

1. Although the court accepts these facts as true, Crane does not explain how such representations by the insurance carrier affect the liability of George Klaus or Klaus Masonry, LLC.

22, 1997, on behalf of "Klaus Masonry (actually George Klaus d/b/a Klaus Masonry)," and Klaus defended the action for nearly two years. On October 7, 1999, Judge Belot dismissed the claim, holding that Crane had sued the sole proprietorship, which was not a legal entity under Kansas law.[2] *See Crane Constr. Co. v. Klaus Masonry,* 71 F.Supp.2d 1138, 1140 (D.Kan.1999). The court further found that Crane had not sued the estate of George Klaus, and that any such claim against the estate was now barred.[3]

Crane filed the instant action against Klaus Masonry, LLC on November 19, 1999. The complaint alleges in part:

4. Klaus Masonry, LLC continued in the same business of masonry construction as Klaus Masonry and assumed the trade name and goodwill of Klaus Masonry. Upon information and belief, certain corporate assets, in addition to the corporate goodwill, passed from Klaus Masonry to Klaus Masonry, LLC.

5. Upon information and belief, Klaus Masonry, LLC paid no consideration for the use of the Klaus Masonry trade name, corporate goodwill, or other assets.

6. Michael Klaus was a key employee of Klaus Masonry and supervised much of the masonry work at issue in this case.

7. The transfer of the trade name, *goodwill, and other assets from Klaus Masonry to Klaus Masonry, LLC* [affected] a dissolution of Klaus Masonry, such that claims of Klaus Masonry's creditors could not be paid. Accordingly, Klaus Masonry, LLC is the continuation of Klaus Masonry, a sole proprietorship. . . .

### III. *Summary of Arguments.*

The defendant contends that after George Klaus's death, Crane's exclusive remedy as an alleged creditor of the sole proprietorship was against Klaus's estate, and that any such claim is now barred. According to the defendant, Crane is attempting to circumvent the non-claim statute by asserting successor liability against the LLC. The defendant further argues that Crane's allegations fail to show there were common officers or directors between the sole proprietorship and the LLC, or that the transfer of the sole proprietorship's assets rendered it incapable of paying its creditors' claims because of dissolution, and that in the absence of such facts no claim of successor liability may be maintained.

For its part, Crane contends that successor liability may be imposed whenever the successor entity is merely a continuation of the predecessor, and that the only finding essential to such a claim is that "substantial continuity" exists between the two entities. Crane believes this presents a question of fact requiring an evaluation of numerous factors. According to Crane, liability may be imposed in the absence of common officers or directors because that is merely one factor to be weighed in the balance. Crane also asserts that it has adequately alleged that the transfer of assets to the LLC affected a dissolution of the sole proprietorship such that claims by its creditors could not be paid. Crane thus contends it has stated a valid claim for relief against the defendant.

### IV. *Discussion.*

■ In *Comstock v. Great Lakes Distributing Co.,* 209 Kan. 306, 310, 496 P.2d

---

2. In opposing the motion to dismiss, Crane argued that Klaus Masonry LLC was liable as a successor entity to George Klaus's business. Judge Belot found that this allegation did not prevent dismissal of the claim because the LLC was not named as a party and because successor liability was not raised as an issue in the pretrial order. *See Crane Constr.,* 71 F.Supp.2d at 1142.

3. K.S.A. § 59–2239 generally prohibits a creditor from asserting claims against the property of a decedent unless a petition is filed for probate of a will or administration of an estate within six months after the decedent's death and the creditor has properly exhibited its demand. Judge Belot held that Crane's claims against the estate of George Klaus were barred by Crane's failure to file such a petition. *Crane Constr.,* 71 F.Supp.2d at 1143.

1308 (1972), the Kansas Supreme Court recognized the general framework governing successor liability of corporations:

> Generally, where one corporation sells or otherwise transfers all of its assets to another corporation, the latter is not liable for the debts and liabilities of the transferor, except: (1) where the purchaser expressly or impliedly agrees to assume such debts; (2) where the transaction amounts to a consolidation or merger of the corporation; (3) where the purchasing corporation is merely a continuation of the selling corporation; or (4) where the transaction is entered into fraudulently in order to escape liability for such debts.

*Id.* In this case, Crane contends the defendant is liable under the third exception as a "mere continuation" of the sole proprietorship operated by George Klaus under the trade name "Klaus Masonry."

 In *Stratton v. Garvey Int'l., Inc.,* 9 Kan.App.2d 254, 266, 676 P.2d 1290, 1299 (1984), the Kansas Court of Appeals outlined what it characterized as the elements of the continuation exception:

> (1) transfer of corporate assets (2) for less than adequate consideration (3) to another corporation which continued the business operation of the transferor (4) when both corporations had at least one common officer or director who was in fact instrumental in the transfer ... and (5) the transfer rendered the transferor incapable of paying its creditors' claims because it was dissolved in either law or fact.

*Id.* (*citing Jackson v. Diamond T. Trucking Co.,* 100 N.J.Super. 186, 189, 241 A.2d 471 (1968)).

The "mere continuation" rule is based upon the notion that corporate entities cannot escape valid claims merely by undergoing some insignificant change in form:

> The "mere continuation" of business exception reinforces the policy of protecting rights of a creditor by allowing a creditor to recover from the successor corporation whenever the successor is

substantially the same as the predecessor. The exception is designed to prevent a situation whereby the specific purpose of acquiring assets is to place those assets out of reach of the predecessor's creditors. In other words, the purchasing corporation maintains the same or similar ownership but wears a "new hat." To allow the predecessor to escape liability merely by changing hats would amount to fraud. Thus, the underlying theory of the exception is that, if [a] corporation goes through a mere change in form without a significant change in substance, it should not be allowed to escape liability.

Fletcher Cyc. Corp. § 7124.10 (Perm.Ed. 1999).

Although these rules were designed to govern corporate liability, most courts have applied them "regardless of whether the predecessor or successor organization was a corporation or some other form of business organization." *See e.g., LiButti v. United States,* 178 F.3d 114, 124 (2nd Cir.1999). *Cf. Stratton,* 9 Kan.App.2d at 266, 676 P.2d 1290 (noting that courts have applied the exception regardless of the fact that one of the entities was not a corporation). *See also Tift v. Forage King Indus., Inc.,* 108 Wis.2d 72, 322 N.W.2d 14 (1982); Fletcher Cyc. Corp. § 7122 at 227. Thus, the "mere continuation" exception has been applied where the predecessor was a sole proprietorship and the successor was a limited liability company. *LiButti,* 178 F.3d at 124.

 Crane correctly points out that in *Stratton* the court stated that "no one element is necessarily decisive nor must all elements necessarily exist together" in determining whether the "mere continuation" exception applies. *Stratton,* 9 Kan.App.2d at 255, 676 P.2d 1290. When all of the elements are considered in view of the facts alleged by Crane, however, the court must conclude as a matter of law that Crane has failed to state a claim upon which relief can be granted. Three facts in particular combine to support this conclusion.

First, it is difficult to see how one could argue that the death of Mr. Klaus and his son's formation of an LLC to operate the masonry business was "a mere change in form without a significant change in substance" or that these two entities had "the same or similar ownership." *Cf.* Fletcher, *supra.* There is no allegation that the son had any ownership interest in the business prior to his father's death, and the transfer thus brought about a real and complete change in ownership. The *Stratton* court noted that "[t]he common identity of officers and shareholders in both predecessor and successor entities is a commonly cited criterion in determining the existence of continuity." *Id.,* 9 Kan.App.2d at 265, 676 P.2d 1290. *See also Vernon v. Schuster,* 179 Ill.2d 338, 228 Ill.Dec. 195, 688 N.E.2d 1172 (1997) (a majority of courts emphasize "a common identity of officers, directors, and stock between the selling and purchasing corporation as the key element of a 'continuation' "). Although sole proprietorships do not have officers, directors or stock as corporations do, at a minimum this element indicates that common ownership is significant in determining whether one entity is a mere continuation of another. Under the facts alleged by Crane, there was no common ownership between the two entities in this case. *Cf. Vernon,* supra (son who operated proprietorship after his father's death was not liable under a continuation theory).

A second factor weighing against Crane is that it can fairly be said it was Crane's failure to pursue a claim against the estate of George Klaus, rather than the fact of dissolution of the proprietorship and transfer of assets, that prevented Crane from recovering against the predecessor business. This is not a case of a transfer that left a creditor unprotected and without a remedy against the transferor entity. *Cf.* Fletcher, supra. Crane does not (and cannot) dispute that the law provided a procedure by which Crane could have pursued a claim against Klaus' estate and could have recovered against any assets found to properly belong to the estate. Given the availability of this remedy, the facts do not establish the fifth element of a "mere continuation" claim—i.e., that the transfer rendered the transferor incapable of paying its creditors' claims because it was dissolved in either law or fact. Assuming the claim was valid, Crane could have taken action to require the estate to pay the claim out of George Klaus' assets. *Cf. Gillespie v. Seymour,* 19 Kan.App.2d 754, 762, 876 P.2d 193, 200 (1994) (availability of other remedy weighed against finding of successor liability).

A third factor, related to the second, likewise weighs against Crane. Where a successor entity arises after the death of a sole proprietor, application of the "mere continuation" exception could conflict with the laws governing the administration of decedents' estates. As the defendant points out, a sole proprietorship has no legal significance apart from its sole proprietor. *See Sheldon v. Vermonty,* No. 98–2277–JWL, 1999 WL 1096043, *1 (D.Kan., Nov.29, 1999). When Crane contracted with "Klaus Masonry" it was in fact contracting with George Klaus,[4] and when Mr. Klaus died Crane was a creditor with a contingent claim against Mr. Klaus' estate (including the assets of Klaus Masonry). Upon Mr. Klaus' death the probate laws governed Crane's right to assert a claim against Klaus' estate and his assets.[5] Those laws clearly favor swift resolution of all claims against a decedent's

---

4. Crane's asserted lack of knowledge that Klaus Masonry was a sole proprietorship is immaterial for several reasons. First, Crane does not claim misrepresentation, nor has it alleged facts to support such a claim. Second, Crane chose to enter into the subcontract with "Klaus Masonry" and had ample opportunity to satisfy itself as to the nature of the party with whom it was dealing. And third, any contention that Crane's lack of knowledge excused its failure to comply with the non-claim statute is a matter that could have been determined in a petition to administer the estate.

5. In contrast to the absence of any special rules pertaining to the death of a sole proprietor, the probate code contains specific procedures governing the dissolution of partner-

estate. K.S.A. § 59–2239 provides in part that "No creditor shall have any claim against or lien upon the property of a decedent other than liens existing at the date of the decedent's death, unless a petition is filed for the probate of the decedent's will … or for the administration of the decedent's estate … within six months after the death of the decedent. …". Crane concedes that any claim against Klaus' estate is now barred because no such petition was filed. Nevertheless, Crane is attempting to follow the assets of the estate into the hands of the LLC, and to recover against the LLC because those assets were allegedly transferred from the estate without consideration. To recognize such a claim would, in the court's view, sanction an end-run on the non-claim statute and would embroil the parties in a controversy over what assets belonged to the estate, whether Crane was a creditor with a valid claim against those assets, and whether the estate received adequate compensation upon the transfer of the assets. Such matters clearly could have—and should have—been addressed in a timely petition to probate George Klaus' estate. To litigate these issues now would circumvent the limitations of the probate code and would undermine the policy favoring swift resolution of claims against decedents' estates.

Under the circumstances, the court concludes that Crane's claim for successor liability against the defendant cannot be sustained and that the allegations fail to state a claim upon which relief can be granted.

### V. *Conclusion.*

Defendant Klaus Masonry, LLC's Motion to Dismiss (Doc. 5) is GRANTED and the action is hereby dismissed. IT IS SO ORDERED this 6 day of July, 2000, at Wichita, Ks.

ships upon the death of a partner. *See e.g.,* K.S.A. § 59–1001, et seq.