**Erma PEREZ, Plaintiff–Appellant and Cross–Appellee,**

v.

**Rebecca WITHAM, as personal representative of the estate of Sidney Nowick, Defendant–Appellee and Cross–Appellant,**

and

**Empire Health Clinic, Inc., a Colorado corporation, Defendant–Appellee.**

**No. 98CA1225.**

Colorado Court of Appeals,
Div. V.

Dec. 9, 1999.

As Modified on Denial of Rehearing
April 20, 2000.

Juanita Benetin, P.C., Juanita Benetin, Denver, Colorado, for Plaintiff–Appellant and Cross–Appellee.

Rebecca Witham, Pro Se.

Albert V. Witham, Littleton, Colorado, for Defendant–Appellee.

Opinion by Judge KAPELKE.

In this action to recover damages for alleged negligence and breach of fiduciary duty, plaintiff, Erma Perez, appeals from the judgment of dismissal entered by the trial court in favor of defendants, Sidney Nowick and Empire Health Clinic, Inc. (the clinic). By cross-appeal, Nowick challenged the order denying his motion for sanctions against plaintiff. During the pendency of this appeal, Nowick died. Rebecca Witham, as personal representative of Nowick's estate, has been substituted as a party. We affirm.

Nowick was a licensed physical therapist at the clinic and provided plaintiff therapy treatment between January 1988 and March 1990, for injuries she had sustained in a car accident.

On January 31, 1996, plaintiff filed this action, alleging that Nowick had breached his fiduciary duty to her by having sexually penetrated her with his finger in the course of the therapy treatment. She also alleged respondeat superior liability on the part of the clinic.

Defendants filed a motion to dismiss on the basis that plaintiff's claims were barred by § 13–80–102.5, C.R.S.1999, which creates a two-year limitation period and a three-year period of repose for actions to recover damages from health care institutions and health care professionals.

On April 16, 1996, plaintiff filed an amended complaint, alleging negligence as well as breach of fiduciary duty. The trial court denied the motion to dismiss based on its conclusion that § 13–80–103.7(1), C.R.S.1999, was the governing limitation provision and that the action had been timely filed within the six-year limitation period set forth in that statute.

The case later proceeded to trial. On the second day of trial, during the redirect examination of plaintiff, defendants made a motion for mistrial, arguing that plaintiff's counsel had elicited improper testimony suggesting that defendant may have acted improperly in the treatment of another patient. The court granted the motion and declared a mistrial.

Thereafter, defendants filed a second motion to dismiss with prejudice and also a motion for imposition of sanctions relating to the conduct of plaintiff and her counsel that had led to the mistrial.

The court granted defendants' second motion to dismiss, which the court treated as one for reconsideration of the previous order denying the original motion to dismiss. However, the court denied defendants' motion for sanctions. This appeal followed.

## I.

Plaintiff contends that the law of the case doctrine precluded the trial court's reconsideration of defendants' first motion to dismiss and that the court erred in granting defendants' second motion to dismiss based on the statute of limitations. We disagree.

## A.

The law of the case doctrine is a discretionary doctrine based on the policy that prior rulings made in the same case generally are to be followed. *Moore v. 1600 Downing Street, Ltd.,* 668 P.2d 16 (Colo.App. 1983). A court may, however, in its discretion, decline to apply the law of the case doctrine if it determines that its former ruling is no longer sound because of changed conditions, it needs to rectify its previous ruling because of a legal or factual error, an intervening change in the law has occurred, or its prior ruling would result in manifest injustice. *Verzuh v. Rouse,* 660 P.2d 1301 (Colo.App.1982).

The doctrine does not extend to the denial of interlocutory motions. Further, a

second judge assigned to a case—as here—may consider an interlocutory motion that was initially denied by the previous judge. *Moore v. 1600 Downing Street, Ltd., supra.*

■ Here, the trial court treated defendants' second motion to dismiss as a request for reconsideration of the first motion to dismiss. The court had discretion as to whether to apply the law of the case doctrine based on its apparent conclusion that the previous ruling had been legally erroneous. Under the circumstances, we perceive no abuse of discretion.

### B.

■ Plaintiff next argues that the trial court erred in granting defendants' second motion to dismiss based on the expiration of the two-year limitation period and the three-year period of repose in § 13–80–102.5(1). We disagree.

■ In construing a statute, this court's primary task is to ascertain and effectuate the intent of the General Assembly. In determining legislative intent, we first look to the statutory language. A statute must be read and considered as a whole and should be interpreted in such a way so as to give consistent, harmonious, and sensible effect to all its parts. *People v. Osborne,* 973 P.2d 666 (Colo.App.1998).

Section 13–80–102.5(1), C.R.S.1999, which governs actions against health care professionals, provides, in pertinent part, that:

[N]o action alleging negligence ... or other action arising in tort ... to recover damages from any heath care institution ... or any health care professional ... shall be maintained unless such action is instituted within two years after the date that such action accrues ... *but in no event shall such an action be brought more than three years after the act or omission which gave rise to the action.* (emphasis added)

Under § 13–80–102.5(2)(b), C.R.S.1999, the term "health care professional" is defined to include a physical therapist.

Here, plaintiff filed her complaint in 1996, nearly six years after the alleged acts of Nowick that gave rise to this action. Accordingly, by the express terms of § 13–80–102.5(1) her claims are barred by the three year period of repose.

Plaintiff urges, however, that her claims are timely because they were brought within the six-year period prescribed in § 13–80–103.7(1) with respect to claims based on sexual assault. That section provides in pertinent part that:

[A]ny civil action based on sexual assault ... shall be commenced ... within six years after a cause of action accrues....

Section 13–80–103.7(5) creates an exception as to sexual assault claims relating to the providing of professional services in the practice of medicine:

The provisions of this section shall not be construed to extend or suspend the statute of limitations or statute of repose applicable to a claim alleging negligence in the course of providing professional services in the practice of medicine. This subsection (5) shall not be construed to preclude pursuing a civil action pursuant to this section alleging a sexual offense based on a legal theory other than negligence in the course of providing professional services in the practice of medicine, unless the sexual assault forms the basis for a claim of such negligence.

The first sentence of § 13–80–103.7(5) thus makes the six-year limitation period inapplicable to claims alleging negligence in "providing professional services in the practice of medicine." For such claims, the two-year limitation period and three-year period of repose in § 13–80–102.5(1) remain controlling. Accordingly, the trial court properly determined that plaintiff's negligence claim was barred because it was brought beyond the three-year period of repose.

Plaintiff nevertheless urges that her breach of fiduciary duty claim is governed by the six-year limitation period for actions based on sexual assault and was therefore timely filed. In so arguing, she relies on the second sentence of § 13–80–103.7(5), which states that the subsection is not to be interpreted to preclude the pursuit of claims alleging a sexual offense "based on a legal

theory other than negligence in the course of providing professional services in the practice of medicine, *unless the sexual assault forms the basis for a claim of negligence.*" (emphasis added)

Although plaintiff's claim of breach of fiduciary duty here might be said to be based on a "legal theory other than negligence," it is the alleged sexual assault in the providing of medical treatment that forms the basis of both plaintiff's claim for negligence and her claim of breach of fiduciary duty. Accordingly, under the "unless" clause of the second sentence of § 13–80–103.7(5), the six-year limitation period remains inapplicable. We thus conclude that the trial court properly determined that, regardless of when they accrued, plaintiff's claims are barred by the three-year period of repose in § 13–80–102.5(1). The trial court therefore did not err in dismissing the action.

Finally, plaintiff asserts that even if the three year statute of repose applies, her claims "arguably fall" within one or more of the exceptions in § 13–80–102.5(3). That section provides in pertinent part as follows:

> The limitations of actions provided in subsection (1) ... shall not apply under the following circumstances:
>
> (a) If the act or omission which gave rise to the cause of action was knowingly concealed by the person committing such act or omission, in which case the action may be maintained if instituted within two-years after the person ... discovered or should have discovered, or in the exercise of reasonable diligence and concern should have discovered the act or omission; or
>
> ....
>
> (c) If both the physical injury and its cause are not known or could not have been known by the exercise of reasonable diligence...

Significantly, defendant did not allege in her complaint that defendant had concealed his conduct or that she did not know of her physical injury and its cause prior to January 31, 1993. Nor did plaintiff even contend in the trial court that the exceptions in § 13–80–102.5(3) might apply. Under these circumstances, we will not address the conten-

tion here. *See Committee for Better Health Care v. Meyer,* 830 P.2d 884 (Colo.1992); *Anderson Boneless Beef, Inc. v. Sunshine Health Center, Inc.,* 878 P.2d 98 (Colo.App. 1994).

In light of our disposition, we need not address plaintiff's other contentions, which concern evidentiary issues that might have arisen had we reversed and remanded for retrial.

## II.

In the cross-appeal, the personal representative of Nowick's estate contends that the trial court abused its discretion in denying Nowick's request for imposition of sanctions upon plaintiff in connection with the mistrial. We disagree.

The decision whether to impose sanctions and the nature of any such sanctions to be imposed are matters within the sound discretion of the trial court. We will overturn a trial court's determination in this regard only if it amounts to an abuse of discretion or is manifestly arbitrary, unreasonable, or unfair. *Nagy v. District Court,* 762 P.2d 158 (Colo.1988).

Here, questions posed by plaintiff's counsel to plaintiff on re-direct examination and plaintiff's responses to those questions triggered the granting of the request for mistrial. The record does not indicate any willfulness, bad faith, or gross negligence on the part of the plaintiff or her counsel, however, and the line of interrogation by plaintiff's counsel was pursued in response to issues raised by defendant's counsel during plaintiff's cross-examination.

Under all the circumstances, we find no abuse of the trial court's broad discretion in its denial of defendant's motion for sanctions.

Judgment affirmed.

Judge DAVIDSON and Judge TAUBMAN concur.