Romie HURTADO, Plaintiff–Appellant,

v.

Timothy K. BRADY, D.C.,
Defendant–Appellee.

No. 05CA2556.

Colorado Court of Appeals,
Div. II.

Feb. 8, 2007.

Certiorari Denied June 21, 2007.

Killian, Guthro & Jensen, P.C., James P. Guthro, Grand Junction, Colorado, for Plaintiff–Appellant.

Walberg, Dagner & Tucker, P.C., Andrew A. Scott, Centennial, Colorado, for Defendant–Appellee.

Opinion by Judge TAUBMAN.

In this intentional tort action arising out of an alleged sexual assault, plaintiff, Romie Hurtado, appeals the judgment dismissing her claims against defendant, Timothy K. Brady, D.C., on statute of limitations grounds. We affirm in part, reverse in part, and remand with directions.

In 2001, Hurtado was injured in an automobile accident and received chiropractic treatment for her injuries. On April 8, 2003, at her insurer's request, Hurtado saw Brady, a chiropractor, for an independent medical examination (IME) to evaluate the reasonableness and necessity of continuing her chiropractic care. During the course of the IME, Brady allegedly exposed Hurtado's breasts and "briefly massaged" them.

On July 22, 2005, Hurtado commenced a civil action against Brady, asserting claims of assault, battery, unlawful sexual contact in violation of § 18–3–404(1)(g), C.R.S.2006, and violation of § 18–6.5–104(7)(c), C.R.S.2006, wrongs to at-risk adults.

Brady filed a motion to dismiss Hurtado's complaint pursuant to C.R.C.P. 12(b)(5), arguing that her first and second claims for relief were barred by the one-year statute of limitations applicable to the intentional torts of assault and battery, § 13–80–103(1)(a),

C.R.S.2006. Brady also argued that Hurtado's third and fourth claims for relief should be dismissed because those criminal statutes provided no basis for civil recovery.

In response, Hurtado argued that the six-year statute of limitations for civil cases seeking damages based on claims of sexual assault, § 13–80–103.7, C.R.S.2006, applied to her claims against Brady. Brady, however, maintained that the six-year statute of limitations was inapplicable for two reasons: (1) § 13–80–103.7(5), C.R.S.2006, expressly states it does not apply to health care professionals; and (2) claims against health care professionals are governed by the two-year statute of limitations set forth in § 13–80–102.5, C.R.S.2006.

The trial court agreed, holding that § 13–80–102.5 barred Hurtado's first and second claims for relief and that the six-year statute of limitations provided by § 13–80–103.7 did not apply to those claims. The trial court further held that Hurtado's remaining claims, asserting violations of criminal statutes, contained "absolutely no indication that a civil remedy" was available to her. The trial court therefore dismissed Hurtado's complaint in its entirety.

Hurtado now appeals the dismissal of her first and second claims for relief on the grounds that the claims fall within the six-year statute of limitations and are not time barred. She also appeals the dismissal of her third claim for relief asserting unlawful sexual contact in violation of § 18–3–404(1)(g). She does not appeal the dismissal of her fourth claim for relief.

### I. Statute of Limitations for Sexual Assaults

█ Hurtado first contends that the trial court misapplied the statute of limitations governing this matter and relied upon distinguishable case law in dismissing her first and second claims for relief. We agree.

█ The purpose of a motion to dismiss for failure to state a claim is to "test the formal sufficiency of the complaint." *Dorman v. Petrol Aspen, Inc.*, 914 P.2d 909, 911 (Colo.1996). In reviewing a motion to dismiss, the court must take the allegations in

the complaint as true and view them in the light most favorable to the plaintiff. *Fluid Tech., Inc. v. CVJ Axles, Inc.,* 964 P.2d 614, 616 (Colo.App.1998). Motions to dismiss for failure to state a claim under C.R.C.P. 12(b)(5) are generally viewed with disfavor and should be granted only if it can be shown "beyond doubt that the plaintiff cannot prove facts in support of the claim that would entitle the plaintiff to relief." *Coors Brewing Co. v. Floyd,* 978 P.2d 663, 665 (Colo.1999) (quoting *Dorman v. Petrol Aspen, Inc., supra,* 914 P.2d at 911).

We review a trial court's ruling on a motion to dismiss de novo. *Fluid Tech., Inc. v. CVJ Axles, Inc., supra,* 964 P.2d at 616. We apply the same standards of review to a motion to dismiss as the trial court applies. *Shapiro & Meinhold v. Zartman,* 823 P.2d 120, 123 (Colo.1992).

Here, Hurtado's first and second claims for relief alleged assault and battery, respectively. Claims of assault and battery usually fall within the one-year general limitation of actions. Section 13–80–103(1)(a). Also, as noted, claims against health care professionals are governed by the two-year statute of limitations in § 13–80–102.5. However, in 1990, the General Assembly adopted § 13–80–103.7, which increased to six years the statute of limitations on "any civil action based on a sexual assault."

The General Assembly added an exception to the statute that applies to claims alleging negligence in the course of providing medical services in the practice of medicine. The statute provides:

> The provisions of this section shall not be construed to extend or suspend the statute of limitations or statute of repose applicable to a claim alleging negligence in the course of providing professional services in the practice of medicine. This subsection (5) shall not be construed to preclude pursuing a civil action pursuant to this section alleging a sexual offense based on a legal theory other than negligence in the course of providing professional services in the practice of medicine, unless the sexual assault forms the basis for a claim of such negligence.

Section 13–80–103.7(5).

Thus, the two-year statute of limitations contained in § 13–80–102.5 applies to claims alleging negligence in the provision of medical services. *See Perez v. Witham,* 1 P.3d 262, 265 (Colo.App.1999).

Hurtado contends that because her complaint alleges Brady inappropriately and sexually touched her during the IME, the six-year statute of limitations in § 13–80–103.7 applies to her complaint. She thus contends that, even though her complaint was filed more than two years after the alleged sexual assault, it was timely under the statute. Brady argues that subsection (5) of that statute makes Hurtado's assault and battery claims untimely, because he was rendering professional services at the time of the alleged sexual assault. We therefore must determine whether the one-year, two-year, or six-year statute of limitations applies to Hurtado's claims.

In making this determination, we note that the trial court and the parties have proceeded on the assumption that § 13–80–103.7(5), which refers to "the practice of medicine," applies here, even though Brady is a chiropractor. Accordingly, we will do the same.

## A.

In determining which statute of limitations applies here, we must first look to § 13–80–103.7(5) and give effect to its provisions. Matters of statutory interpretation, such as this, raise questions of law which we review de novo. In reviewing a statute, it is our duty to "effectuate the intent and purpose of the General Assembly." *CLPF–Parkridge One, L.P. v. Harwell Invs., Inc.,* 105 P.3d 658 (Colo.2005) (citing *Weld County Sch. Dist. RE–12 v. Bymer,* 955 P.2d 550, 554 (Colo. 1998)).

If, on the one hand, the statutory provisions are clear and unambiguous, we apply the plain, ordinary meaning to the statute's language and provisions. *CLPF–Parkridge One, L.P. v. Harwell Invs., Inc., supra,* 105 P.3d at 660 (citing *Vigil v. Franklin,* 103 P.3d 322, 327 (Colo.2004)). If, on the other

hand, the statutory language is unclear or ambiguous, "we look to sources of legislative intent, including the object the legislature sought to obtain by the enactment, the circumstances under which it was adopted, and the consequences of a particular construction." *CLPF–Parkridge One, L.P. v. Harwell Invs., Inc., supra,* 105 P.3d at 661; *see* § 2–4–203, C.R.S.2006. A statute is ambiguous if it is susceptible of more than one interpretation. *Estate of David v. Snelson,* 776 P.2d 813, 817 (Colo.1989).

Hurtado argues that the provisions of § 13–80–103.7 are ambiguous and warrant an examination of the statute's legislative history to ascertain and give effect to the legislative intent and purpose. We agree.

As noted, § 13–80–103.7(5) excepts from the six-year statute of limitations "claim[s] alleging negligence in the course of providing professional services in the practice of medicine." This sentence of subsection (5) unambiguously requires that claims of professional negligence remain subject to the two-year statute of limitations. *See* § 13–80–102.5.

The second sentence of subsection (5) is less clear, apparently creating an exception to the exception for claims that may otherwise be subject to the two-year statute of limitations, if the plaintiff asserts claims against a licensed professional "alleging a sexual offense based on a legal theory other than negligence in the course of providing professional services in the practice of medicine." Thus, if a plaintiff asserts a claim other than negligence against a licensed medical professional, that claim would be subject to the six-year statute of limitations in § 13–80–103.7.

However, the last clause of § 13–80–103.7(5) seems to create a third exception. That clause modifies the first part of the second sentence, stating the six-year statute of limitations applies "unless the sexual assault forms the basis for a claim of such negligence." Accordingly, this third exception appears to contemplate that when an allegation of sexual assault provides a factual basis for a medical negligence claim, the two-year statute of limitations applies.

This confusing language has led to the parties' differing interpretations of § 13–80–103.7. Brady essentially contends that because the alleged sexual assault forms the basis of Hurtado's claims against him, the "unless" clause precludes the application of the six-year statute of limitations to Hurtado's claims. In contrast, Hurtado argues that the legislature did not intend to apply the "unless" clause to cases, such as hers, in which the claimant alleges that an intentional sexual assault occurred during the provision of professional services and the claimant asserts claims for intentional torts. Because the complexity of the language of § 13–80–103.7(5) renders both interpretations plausible, we conclude the statute is ambiguous. *See People v. Swain,* 959 P.2d 426, 430 (Colo. 1998) (" 'ambiguity' exists when a statute is susceptible to alternate constructions").

Accordingly, we look to the legislative history of the statute for guidance. Section 2–4–203; *CLPF–Parkridge One, L.P. v. Harwell Invs., Inc., supra,* 105 P.3d at 661.

Our review of the legislative history leads us to conclude that the General Assembly intended that claims of intentional sexual assault or battery committed during the provision of medical professional services would be subject to the statute's six-year statute of limitations, unless the sexual touching occurred in a negligent manner. Several comments made during legislative hearings prior to the statute's adoption reveal that the General Assembly understood the provision to impose a six-year statute of limitations for civil claims arising out of intentional sexual assaults and offenses.

During the second reading of the bill before the House of Representatives, Representative Faye Fleming, the House sponsor, distinguished claims of medical malpractice or professional negligence from claims of sexual assault brought against health care professionals for inappropriate sexual acts committed during a medical examination. She stated that the former are subject to a two-year statute of limitations, § 13–80–102.5, while the latter would be subject to the six-year statute of limitations. Second Reading of H.B. 90–1085 before House, 57th Gen. Assembly, 2d Sess. (Feb. 23, 1990) (state-

ment of Rep. Fleming). Representative Fleming also distinguished claims of medical malpractice or professional negligence from claims of sexual assault or a sexual offense by noting that the latter are "decidedly outside the definition of professional medical services." These statements demonstrate that the bill sponsors did not intend claims of intentional sexual assault that occur during the course of professional treatment to be considered claims of professional negligence subject to the two-year statute of limitations, but rather intended such claims to be subject to the proposed six-year statute of limitations.

Discussions in the Senate concerning the proposed measure similarly suggest that that body intended to impose a six-year statute of limitations on sexual assaults occurring during treatment and a two-year statute of limitations for professional negligence claims. In particular, in responding to an inquiry about the scope of the "unless" clause and its application to certain licensed professionals, Senator Dottie Wham noted that this clause would not apply if a licensed professional, such as a psychologist, psychiatrist, or acupuncturist, were to commit a sexual assault in the course of therapy. Hearing on H.B. 901085 before Senate Judiciary Committee, 57th Gen. Assembly, 2d Reg. Sess. (Mar. 6, 1990) (statement of Sen. Wham). At the same hearing, Senator Terry Considine echoed the distinction drawn by Senator Wham, noting that the proposed six-year statute of limitations was patterned on the criminal statute defining sexual assault and that it was unnecessary to limit the provision to intentional torts because it would be "hard to do that in a negligent way."

■ Thus, the legislative history demonstrates that the General Assembly intended to distinguish acts of professional negligence from intentional sexual assaults committed by a licensed professional in the course of treating a patient. Accordingly, we conclude that the statute's six-year limitations period applies to claims of intentional torts of sexual assault during the course of a medical examination or treatment of a patient by a licensed health care professional.

## B.

Brady nevertheless argues that a discussion of the legislative history of § 13–80–103.7 is unnecessary because the question of the statute's interpretation was addressed by another division of this court. Specifically, Brady contends that *Perez v. Witham, supra,* involved factually analogous claims, interpreted the statute in question, and, therefore, renders moot any analysis of the statute's legislative history. We are not persuaded and find *Perez v. Witham, supra,* distinguishable from the facts of this case.

There, the plaintiff alleged sexual assault against a physical therapist and a clinic, raising a claim of breach of fiduciary duty. The plaintiff later filed an amended complaint, adding a negligence claim. Although the plaintiff alleged intentional conduct—that the therapist sexually penetrated her with his finger—she did not assert claims of assault and battery, as were asserted here.

In *Perez,* the division held that "although plaintiff's claim of breach of fiduciary duty here might be said to be based on a 'legal theory other than negligence,' it is the alleged sexual assault in the providing of medical treatment that forms the basis of both plaintiff's claim for negligence and her claim of breach of fiduciary duty." *Perez v. Witham,* 1 P.3d at 266. Accordingly, the *Perez* division held that under the "unless" clause of the second sentence of § 13–80–103.7(5), the six-year limitation period was inapplicable.

We also note that the *Perez* division did not discuss the legislative history of § 13–80–103.7(5).

Here, in contrast, Hurtado never alleged any negligence claim. The claims alleged in her complaint were for assault, battery, unlawful sexual contact, and violation of a statute concerning wrongs to at-risk adults. Thus, in Hurtado's complaint here, the sexual assault does not form the basis for any claim of negligence. Because the "unless" clause of § 13–80–103.7(5) is therefore inapplicable, the six-year statute of limitations applies.

The trial court, therefore, erred in dismissing Hurtado's first and second claims for relief alleging assault and battery against

Brady as time barred. On remand, Hurtado's first and second claims for relief should be reinstated and permitted to proceed.

## II. Unlawful Sexual Contact Claim

 Hurtado next contends that her third claim for relief, alleging unlawful sexual contact in violation of § 18–3–404(1)(g), should not have been dismissed by the trial court. We disagree.

Where a statute does not provide for a private cause of action, a plaintiff may not pursue a claim for relief based upon the statute. *Silverstein v. Sisters of Charity*, 38 Colo.App. 286, 288, 559 P.2d 716, 718 (1976); *see also Prairie Dog Advocates v. City of Lakewood*, 20 P.3d 1203 (Colo.App.2000) (holding that plaintiff had no standing to bring claim against defendant under statute prohibiting poisoning of wildlife because statute does not create a private cause of action). A plaintiff may not recover damages for an alleged violation of a criminal statute. *Shaw v. Neece*, 727 F.2d 947, 949 (10th Cir.1984); *Creech v. Fed. Land Bank*, 647 F.Supp. 1097, 1099 (D.Colo.1986) (holding that "a 'bare criminal statute,' which contains absolutely no indication that a civil remedy is available, does not provide a basis from which to infer a private cause of action").

Section 18–3–404(1)(g) renders unlawful the knowing sexual contact of a victim if the "treatment or examination of a victim [is] for other than bona fide medical purposes or [is] in a manner substantially inconsistent with reasonable medical practices." Any person who violates § 18–3–404(1)(g) commits a class 1 misdemeanor. Section 18–3–404(2)(a), C.R.S.2006. No provision of the statute creates a private cause of action by which a victim may pursue claims against a perpetrator, and no Colorado appellate opinion has interpreted the statute to afford a basis for such a private cause of action.

Hurtado's third claim for relief was therefore properly dismissed as it was based upon a statute that provides only criminal penalties and does not include any means or authority for a private cause of action.

The judgment is reversed as to the dismissal of the first and second claims for relief, and the case is remanded for further proceedings on those claims consistent with this opinion. The judgment is affirmed in all other respects.

Judge VOGT and Judge TERRY concur.