25CA0814 Anderson v Shorter Arms 03-19-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0814
City and County of Denver District Court No. 24CV542
Honorable Christopher J. Baumann, Judge

---

Allan K. Anderson,

Plaintiff-Appellant,

v.

Shorter Arms Investors, LLC, and PK Management,

Defendants-Appellees.

---

JUDGMENT AFFIRMED

Division IV
Opinion by JUDGE SCHUTZ
Freyre and Brown, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 19, 2026

---

Allan K. Anderson, Pro Se

Higgins, Hopkins, McLain & Roswell, LLC, David M. McLain, Ricky L. Nolen, Jr., Andrew J. Vogelgesang, Denver, Colorado, for Defendants-Appellees

¶ 1	Plaintiff, Allan K. Anderson, appeals the district court's judgment granting the motion to dismiss filed by defendants, Shorter Arms Investors, LLC and PK Management (collectively, Shorter Arms). We affirm the judgment.

I.	Background and Procedural History

¶ 2	Anderson is a resident at an apartment owned by Shorter Arms. In August 2020, Anderson filed Denver District Court Case No. 20CV345, which the court later dismissed for failure to state a claim under C.R.C.P. 12(b)(5). In February 2021, Anderson filed Denver District Court Case No. 21CV56 asserting eleven claims against Shorter Arms. The district court dismissed all those claims except his violation of the warranty of habitability claim under section 38-12-503, C.R.S. 2025. The district court eventually granted Shorter Arms' motion for summary judgment on that claim as well. Anderson appealed and, in 2023, a division of this court affirmed the district court's judgment. *See Anderson v. Shorter Arms Invs., LLC*, 2023 COA 71.

¶ 3	In July 2024, Anderson filed another complaint, this time asserting claims of (1) negligence under section 33-44-104, C.R.S. 2025, which is a part of the Ski Safety Act of 1979; (2)

embezzlement and/or fraud under section 18-4-401, C.R.S. 2025, of the Criminal Code; (3) violation of the warranty of habitability under section 38-12-503; (4) reckless endangerment under section 18-3-208, C.R.S. 2025, of the Criminal Code; and (5) criminal mischief under section 18-4-501, C.R.S. 2025, of the Criminal Code.

¶ 4        Shorter Arms moved to dismiss Anderson's claims pursuant to C.R.C.P. 12(b)(5). Anderson responded by arguing that Shorter Arms was not acting in good faith and requested that the court give him permission to amend his filing. About a week later, Anderson filed a motion to amend his complaint under C.R.C.P. 15(a), which allows a party to amend their pleading at any time before a responsive pleading is filed. Within the motion to amend, Anderson set forth his amended claims, which supplemented his original claims and added new ones.[1] The additional claims and allegations were largely conclusory.

---

[1] Anderson asserted additional claims for (1) harassment and intimidation of witnesses; (2) discrimination against disabled persons; and (3) violation of the criminal privacy statute.

¶ 5     In April 2025, the district court granted Shorter Arms' motion to dismiss after concluding that Anderson's claims were not plausible. *See Walker v. Women's Pro. Rodeo Ass'n*, 2021 COA 105M, ¶ 37 (Under the plausibility test, "'the factual allegations of the complaint must be enough to raise a right to relief "above the speculative level," and provide "plausible grounds"'" to create an inference that the allegations are true." (quoting *Warne v. Hall*, 2016 CO 50, ¶ 9)). Specifically, the court reasoned as follows:

(1)    Anderson's embezzlement/fraud claim relied on criminal statutes that were not actionable as civil claims, and the allegations of fraud were not stated with particularity. *See* C.R.C.P. 9(b) ("In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."); *Hurtado v. Brady*, 165 P.3d 871, 876 (Colo. App. 2007) ("Where a statute does not provide for a private cause of action, a plaintiff may not pursue a claim for relief based upon the statute. A plaintiff may not recover damages for an alleged violation of a criminal statute." (citation omitted)).

(2) Anderson's negligence claim failed because it was based on the Ski Safety Act, which is not relevant to this housing dispute.

(3) The warranty of habitability claim failed because it was not sufficiently specific and some of the alleged warranty issues were previously resolved. *See Walker*, ¶ 37.

(4) Anderson's remaining claims — reckless endangerment and criminal mischief — failed because, again, the criminal statutes on which he relied did not provide a private cause of action that enabled Anderson to recover damages or other relief. *See Hurtado*, 165 P.3d at 876.

¶ 6    The district court did not rule on Anderson's motion to amend the complaint under C.R.C.P. 15(a) before granting the motion to dismiss. This appeal followed.

## II.    The District Court's Dismissal Prior to Reviewing Anderson's Amended Complaint

¶ 7    Anderson contends that the district court erred by failing to consider his motion for leave to amend prior to granting Shorter Arms' motion to dismiss. In doing so, Anderson does not challenge the substance of the court's analysis of his original claims. Rather,

4

his appeal requests reversal solely because the court did not rule on his motion to amend before ruling on the motion to dismiss. We discern no reversible error.

## A.    Preservation and Standard of Review

¶ 8    At the outset, Shorter Arms contends that Anderson failed to preserve his claim that the district court was obligated to rule on his motion to amend and therefore waived or abandoned the claim. *See Patterson v. James*, 2018 COA 173, ¶ 11. However, a claim is adequately preserved for appellate review when the issue is brought to the district court's attention. *In re Estate of Owens*, 2017 COA 53, ¶ 21. Anderson filed the motion to amend and referenced his amended claims in his second response to the motion to dismiss. While the second response was unauthorized, both it and the motion to amend were filed with the court long before it ruled on the motion to dismiss. These filings were sufficient to preserve Anderson's appellate contention because "no talismanic language is required to preserve an issue." *Id.* Thus, we will consider the merits of the issue.

¶ 9    We review a district court's interpretation of the Colorado Rules of Civil Procedure de novo. *Schaden v. DIA Brewing Co.*, 2021

CO 4M, ¶ 32. Similarly, we review a district court's ruling on a motion to dismiss under C.R.C.P. 12(b)(5) de novo. *Bewley v. Semler*, 2018 CO 79, ¶ 14.

### B. Applicable Law

¶ 10 In pertinent part, under C.R.C.P. 15(a), a party may amend their pleadings "once as a matter of course at any time before a responsive pleading is filed . . . . Otherwise, a party may amend [their] pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." A motion to dismiss is not a responsive pleading. *Schaden*, ¶ 36.

¶ 11 "Dismissal under C.R.C.P. 12(b)(5) is proper only 'where the factual allegations in the complaint cannot, as a matter of law, support the claim for relief.'" *Bewley*, ¶ 14 (quoting *Colo. Ethics Watch v. Senate Majority Fund, LLC*, 2012 CO 12, ¶ 16). In considering whether dismissal was appropriate, "we accept all factual allegations in the complaint as true, viewing them in a light most favorable to the plaintiff." *Id.* To overcome summary dismissal for failure to state a claim, the burden is on the claiming party to allege "sufficient facts that, if taken as true, suggest

6

plausible grounds to support a claim for relief." *Patterson v. James*, 2018 COA 173, ¶ 23 (citing *Warne*, ¶ 24).

## C. Analysis

¶ 12　Anderson begins by reminding us that C.R.C.P. 15(a) prescribes a liberal policy for amending pleadings and encourages district courts to freely grant such motions "to secure the just, speedy, and inexpensive determination of every action." *Varner v. Dist. Ct.*, 618 P.2d 1388, 1390 (Colo. 1980) (quoting C.R.C.P. 1(a)) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).[2]  Shorter Arms responds that Anderson's claim is procedurally deficient in two ways.  First, because, under C.R.C.P. 15(a), Anderson did not need the court's permission to file his amended claims, he invited any error by filing the motion to amend rather than simply filing an amended complaint.  Second, Shorter Arms argues that Anderson failed to request a ruling from the court during the nearly eight months that the motion to dismiss and motion to amend were

---

[2] Anderson also cites *People in Interest of A.R.*, 2012 COA 195M, for the asserted proposition that a district court errs "by dismissing without addressing pending motions."  But nothing in *A.R.* supports this assertion, particularly in the context of ruling on a motion to dismiss without first ruling on a motion to amend.

7

pending. We are unpersuaded by Shorter Arms' procedural contentions.

¶ 13  First, it is perplexing that Shorter Arms asserts on appeal that Anderson was entitled to file an amended complaint under C.R.C.P. 15(a). While we agree with the substantive conclusion that Anderson could have filed an amended complaint under Rule 15(a) without leave of court, we note that in the district court Shorter Arms did not acknowledge Anderson's right to file a motion to amend. Instead, it filed a response objecting to the motion to amend on the grounds that it was futile. Shorter Arms' positions before the district court and on appeal are difficult to square, and in any event, do not support the suggestion that the court justifiably ignored the motion to amend for such a lengthy period.

¶ 14  We also reject Shorter Arms' argument that the district court's failure to rule on the motion to amend should be excused because Anderson failed to bring it to the court's attention. The motion itself and the second response to the motion to dismiss were adequate to alert the court of the pending motion to amend. Thus, we reject Shorter Arms' contention that Anderson's appellate contention was invited or created by Anderson's conduct.

¶ 15    But even if we assume, as Anderson argues, that the district court's failure to rule on the motion to amend before ruling on the motion to dismiss was error, we discern no grounds for reversal.  As Shorter Arms notes, Anderson's opening brief failed to contest the substance of the district court's conclusion that his original claims failed to articulate plausible claims.  And the proposed amended claims are based largely on the same legal theories as the original claims, including Anderson's reliance on criminal laws as the basis for many claims.  In addition, the amended claims contain similar perfunctory and conclusory factual allegations as the original claims.

¶ 16    True, as Anderson notes on appeal, the amendments could possibly "have clarified and expanded claims."  But he provides no analysis or explanation of how the purportedly clarified and expanded claims would have escaped the same fate as the original claims: dismissal because they were predicated on conclusory factual allegations, legal conclusions, and inapplicable criminal statutes.

¶ 17    Appealing parties must support their contentions with "citations to the authorities, statutes, and parts of the record relied

9

on." *Barnett v. Elite Props. of Am., Inc.*, 252 P.3d 14, 19 (Colo. App. 2010) (citation omitted); *see* C.A.R. 28(a)(7)(B).  We cannot consider bald legal propositions "presented without argument or development." *Barnett*, 252 P.3d at 19.

¶ 18    Moreover, after reviewing the amended claims under the de novo standard, we do not perceive a viable claim for relief.  The amended pleading begins with a listing of various grievances Anderson has had with Shorter Arms' conduct and lack of action during the course of his tenancy.  But aside from a fleeting reference to April 2024 in amended claim nine, none of his allegations include a specific date or the identity of a particular person who allegedly engaged in such wrongful conduct or inaction.  These are material omissions, particularly given the passage of time and prior judgments entered on Anderson's previous claims based on similar allegations.

¶ 19    And although Anderson's amended claims are denominated by reference to a legal theory, none state the elements of a viable claim.  Rather, they generally contain references to statutory language or legal principles without tying those authorities to the

specific actions that allegedly harmed him, or the date of the alleged conduct.

¶ 20     Claim one is illustrative.  It is labeled "negligence" but cites the Premises Liability Act, § 13-21-115, C.R.S. 2025, and the definition portion of the security deposit statute, § 38-12-102, C.R.S. 2025, and contains general allegations about the property's condition and unattributed improper conduct.  Claim two alleges discrimination under the Americans with Disabilities Act but fails to allege the nature of Anderson's claimed disability or the specific accommodations he requested.  Claim three and claims five through eight are premised on criminal statutes that do not provide a private right of action and — like the balance of the amended claims — are devoid of allegations describing specific actions on specific dates.  Finally, claims four and nine appear to be based on alleged breaches of the warranty of habitability, but aside from a general reference to April 2024, they do not allege specific dates or conduct. And the April reference relates simply to a lost work order.

¶ 21     In sum, reviewing Anderson's amended claims de novo, we conclude that they are conclusory, do not contain allegations alleging the specific actions or the dates they were committed, and

largely cite irrelevant legal authorities.  They therefore fail to assert plausible claims for relief.  Accordingly, we discern no reversible error in the district court's dismissal.

### III.    Disposition

¶ 22    The district court's judgment is affirmed.

JUDGE FREYRE and JUDGE BROWN concur.