[No. 5332.]
[No. 2974 C. A.]

## PAYTON v. M. SPIESBERGER & SON COMPANY.

**Practice in Civil Actions—Foreign Corporations—Bond for Costs —Failure to Give—Statutory Construction—Waiver—Appellate Practice—Question Not Raised Below.**

Section 675, Mills' Ann. Stats., provides that if any action shall be commenced by a foreign corporation without filing a bond for costs, upon the motion of defendant or any officer of the court, the court shall require such bond to be given by a certain day, and, upon failure so to do, the court, on motion, shall dismiss the suit. Held, that no motion for a cost bond having been made in the trial court, the defendant thereby waived his right thereto; and that the question cannot be raised for the first time on appeal.—P. 290.

*Appeal from the District Court of Fremont County. Hon. Morton S. Bailey, Judge.*

Action by The M. Spiesberger & Son Company, a corporation, against Emma Payton. From a judgment for plaintiff, defendant appeals. *Affirmed.*

Mr. JAMES T. LOCKE, for appellant.

Messrs. TAYLOR & COOPER, for appellee.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

Appellee, a foreign corporation, was awarded judgment in the court below upon default.

Appellant contends that the court was without jurisdiction to render any judgment in the action, for the reason that appellee, as shown by the complaint, was a foreign corporation and non-resident of this state and no bond for costs was filed by it in said action, as required by statute.

The statute relied upon by appellant in support of this contention is § 674, Mills' Ann. Stats., which reads as follows:

"In all cases in law and equity where the plain-

19

tiff, or the person for whose use an action is to be commenced, shall not be a resident of this state, the person or plaintiff for whose use the action is to be commenced, shall, before he institutes such suit, file or cause to be filed with the clerk of the court in which the action is to be commenced, an instrument in writing of some responsible person, being a resident of this state, to be approved by the clerk, whereby such person shall acknowledge himself bound to pay, or cause to be paid, all costs which may accrue in such action, either to the opposite party or any of the officers of such courts.''

*Edgar G. & S. M. Co. v. Taylor,* 10 Colo. 112, and cases therein cited, is cited here in support of appellant's contention. The above cited case was ruled under the law as it existed prior to 1885. Previous to the amendment of 1885 the above quoted statute was imperative.

Section 675, Mills' Ann. Stats., as amended in 1885, reads as follows:

''If any such action shall be commenced without filing such instrument of writing * * * it shall be the duty of the court, on motion of the defendant or any officer of the court, to rule the plaintiff on or before the day in such rule named, to give security for the payment of costs in such suit. If such plaintiff shall neglect, or refuse, on or before the day in such rule named, to file such instrument, as aforesaid, the court shall, on motion, dismiss the suit.''

No motion for a cost bond was filed in the court below; appellant's right to a cost bond was thereby waived; the question cannot be raised for the first time upon appeal.

Let the judgment be affirmed.    *Affirmed.*

Chief Justice Steele and Mr. Justice Caswell concurring.