Marian Ann **SOEHNER**,
Plaintiff-Appellant,

v.

Richard A. **SOEHNER**,
Defendant-Appellee.

No. 81CA0098.

Colorado Court of Appeals,
Div. II.

Sept. 17, 1981.

Rehearing Denied Oct. 8, 1981.

Certiorari Denied March 8, 1982.

Hoffman & McDermott, Gerald P. McDermott, Gene Hoffman, Denver, for plaintiff-appellant.

Wiggins & Smith, P. C., J. Terry Wiggins, Denver, for defendant-appellee.

VAN CISE, Judge.

The plaintiff (wife) appeals a summary judgment dismissing her independent action against defendant (husband) in which she sought to set aside their separation agreement because of fraud and misrepresentation. We reverse.

The parties' marriage was dissolved in June 1975. Incorporated in the decree was a separation agreement in which the wife assigned to her husband all of her interest in certain marital property consisting of allegedly worthless stock in Bugs Farm Supply, Inc. The parties stipulated that, in October 1976, the wife learned that the husband that month had sold this stock for $300,000.

In November 1976, claiming that she had been defrauded, she filed in the dissolution action a "motion to set aside separation agreement or in the alternative an equitable action to set aside separation agreement." In November 1979, the court denied the motion on the basis that it lacked jurisdiction to revoke or modify the property disposition or reopen the judgment, see § 14–10–122, C.R.S.1973, the motion having been filed more than six months after the decree had been entered. See C.R.C.P. 60(b)(2); In re Marriage of Scheuerman, 42 Colo.App. 206, 591 P.2d 1044 (1979). This order was not appealed.

In December 1979, plaintiff commenced the present independent action by paying a new docket fee and filing a "complaint for equitable relief"[1] containing substantially the same allegations and asking for the same relief as in her previous motion filed in the dissolution action. Based on the three-year statute of limitations, § 13–80–109, C.R.S. 1973, the court granted a summary judgment dismissing the case.

The wife contends that the court should have applied the remedial revival statute, § 13–80–128(1), C.R.S. 1973, which provides:

"If an action is commenced within the period allowed by this article and is terminated because of lack of jurisdiction or improper venue, the plaintiff ... may commence a new action upon the same cause of action within one year after the termination of the original action ..."

The husband counters that this is not the sort of jurisdictional dismissal contemplated by the statute. We agree with the wife.

The remedial revival statute reflects a legislative intent to enable litigants to avoid hardships which might result from strict adherence to the provisions of statutes of limitations in situations of this kind. Here, the wife pursued her claim diligently from the time she discovered the facts constituting the alleged fraud. The husband had knowledge of her claim from the beginning. Under these circumstances, a liberal interpretation of the statute should be applied. *Cook v. Britt*, 8 Ill.App.3d 674, 290 N.E.2d 908 (1972); *Adams v. Sullivan*, 110 N.H. 100, 261 A.2d 273 (1970); *Cooper v. Bolin*, (Mo.1968), 431 S.W.2d 69; *Giles v. Rodolico*, 51 Del. 143, 140 A.2d 263 (1958). *See Annot.*, 6 A.L.R.3d 1043.

Although the dissolution action itself was not dismissed, the action on the claim ("cause of action") in fraud raised by motion in that case was dismissed for lack of jurisdiction. A new action on the fraud claim was commenced within one year following the termination of the earlier action on that claim. Therefore, the trial court erred in failing to apply the revival statute. The motion for summary judgment on the ground the action was barred by the statute of limitations should have been denied.

1. Although denominated as a 'complaint for equitable relief,' the parties, both in the trial court and on this appeal, have treated this as an action at law rather than an equitable action. They have argued only the applicability of the legal defense of the statutes of limitations. Accordingly, the trial court, and this court for the purposes of this appeal, treated this case as an action at law. *See Caldwell v. Kats*, 193 Colo. 384, 567 P.2d 371 (1977).

Having decided the case on the failure to apply the revival statute, we do not address the other contentions for reversal raised by the wife.

The judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.

KELLY and TURSI, JJ., concur.