Dzon M. NGUYEN, Plaintiff–Appellant,

v.

SWEDISH MEDICAL CENTER, Robert Schmidt, and David Bar–Or, Defendants–Appellees.

No. 93CA1964.

Colorado Court of Appeals, Div. A.

Jan. 12, 1995.

Richard C. Cornish and Jay Junekun Choi, Englewood, for plaintiff-appellant.

Long & Jaudon, P.C., Gary B. Blum, David H. Yun and Christine A. Craigmile, Denver, for defendants-appellees Swedish Medical Center and Robert Schmidt.

Johnson, Ruddy, Norman & McConaty, P.C., Brian G. McConaty, Denver, for defendant-appellee David Bar–Or.

Opinion by Judge VAN CISE *.

Plaintiff, Dzon M. Nguyen, appeals the summary judgment entered in favor of the defendants, Swedish Medical Center, Robert Schmidt, M.D., and David Bar–Or, M.D. We affirm.

Plaintiff's original medical malpractice complaint was dismissed without prejudice when, upon defendants' motion, plaintiff failed to file the nonresident cost bond ordered by the trial court. Plaintiff's appeal from that dismissal was dismissed by this court for lack of a final, appealable order.

Plaintiff refiled his medical malpractice complaint within ninety days of the dismissal of his original complaint. That second complaint was dismissed because it had not been filed within the period set by the applicable

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1994 Cum.Supp.).

statute of limitations. Plaintiff now appeals the dismissal of his second complaint.

## I.

Plaintiff contends that the remedial revival statute, § 13–80–111(1), C.R.S. (1987 Repl. Vol. 6A), applied and tolled the running of the statute of limitations for his second complaint. He argues that his failure to post the nonresident cost bond in his original action deprived the trial court of jurisdiction. We disagree.

The remedial revival statute, § 13–80–111(1), tolls the running of the applicable statute of limitations when the original action has been terminated for lack of jurisdiction. However, contrary to plaintiff's contention, failure to file the nonresident cost bond does not affect either subject matter jurisdiction or jurisdiction over the person. *See Mahaffey v. Barnhill*, 855 P.2d 847 (Colo.1993); *see also People in Interest of Clinton*, 762 P.2d 1381 (Colo.1988) (because the court has already obtained jurisdiction, a later failure to follow statutory requirements does not divest the court of jurisdiction).

Subject matter jurisdiction concerns the court's authority to deal with the class of cases in which it renders judgment. *Minto v. Lambert*, 870 P.2d 572 (Colo.App. 1993). While jurisdiction may be limited by the General Assembly, no statute will be held to limit court power unless the limitation is explicit. *Meyer v. Lamm*, 846 P.2d 862 (Colo.1993). Further, subject matter jurisdiction cannot be waived. *See Triebelhorn v. Turzanski*, 149 Colo. 558, 370 P.2d 757 (1962).

The nonresident cost bond statute, § 13–16–102, C.R.S. (1987 Repl.Vol. 6A), does not provide that the obligation to file the cost bond affects either subject matter jurisdiction or jurisdiction over the person. *Cf. Mahaffey v. Barnhill, supra* (construing another cost bond statute as not jurisdictional because the statute did not unambiguously condition jurisdiction on the cost bond); *see also Minto v. Lambert, supra.*

If the cost bond is not filed by the date set in the order, the court must dismiss the suit, *Edgar Gold & Silver Mining Co. v. Taylor,* 10 Colo. 110, 14 P. 113 (1887), but only upon defendant's motion. Absent such a motion, the court may continue with the case. Cases reviewing the trial court's failure to require the nonresident cost bond have not treated the error as affecting jurisdiction. In *Payton v. M. Spiesberger & Son Co.*, 40 Colo. 289, 90 P. 605 (1907), the defendant argued that the trial court lacked jurisdiction in the action because plaintiff had not filed the requisite cost bond. Our supreme court ruled that defendant waived his right to the cost bond when no motion for cost bond was made. *See also In re Marriage of Glickman*, 200 Colo. 320, 615 P.2d 23 (1980) (trial court's failure to require the cost bond was not reversible error because the defendant was not awarded costs); *Bank of America National Trust & Savings Ass'n v. Denver Hotel Ass'n Limited Partnership*, 830 P.2d 1138 (Colo.App.1992) (court's ruling in the case need not be vacated for erroneous failure to require cost bond; appropriate remedy is remand to require cost bond).

*Soehner v. Soehner*, 642 P.2d 27 (Colo.App. 1981), relied upon by plaintiff, is distinguishable because the dismissal there was based on jurisdictional limitations.

Hence, inasmuch as plaintiff's first action was dismissed for a procedural defect, not for lack of jurisdiction, the remedial revival statute was inapplicable to plaintiff's second complaint.

## II.

By order dated February 4, 1994, this court denied plaintiff's motion to reopen his appeal of the order entered on his original complaint. Plaintiff's appeal from that order is not before us now, and we will not reconsider it.

Judgment affirmed.

STERNBERG, C.J., and SMITH*, J., concur.