**SMLL, L.L.C., a Colorado limited liability company, Plaintiff–Appellant,**

v.

**PEAK NATIONAL BANK and Richard Daly, Defendants–Appellees.**

No. 03CA2347.

Colorado Court of Appeals, Division V.

March 24, 2005.

Fisher, Sweetbaum & Levin, P.C., Alan D. Sweetbaum, E. James Wilder, Heather M. Anderson, Denver, Colorado, for Plaintiff–Appellant.

Senter, Goldfarb & Rice, L.L.C., Eric M. Ziporin, Denver, Colorado; Sloan, Listrom, Eisenbarth, Sloan & Glassman, L.L.C., Stephen D. Lanterman, Alan V. Johnson, Topeka, Kansas, for Defendant–Appellee Peak National Bank.

Richard Daly, Pro Se.

Opinion by: Judge VOGT.

Plaintiff, SMLL, L.L.C., appeals the trial court judgment dismissing its complaint against defendants, Peak National Bank (Peak) and Richard Daly, on statute of limitations grounds. We affirm.

## I.

In November 1998, plaintiff filed a lawsuit against various parties involved with the construction and financing of its unsuccessful townhome construction project. In June and July 1999, plaintiff amended its complaint to add claims for civil theft and professional negligence against Daly, its former attorney, and claims for negligence against Peak, which had provided construction loans for the project.

On August 19, 2002, the day trial was to begin, defendant Daly moved to dismiss the action on the basis that plaintiff, a limited liability company, had been suspended in February 2001 for failure to file its annual report. The trial court dismissed the action without prejudice, concluding that plaintiff's suspended status made it incompetent to transact business in the state and deprived it of capacity under C.R.C.P. 17 to go forward with its lawsuit. That dismissal is the subject of a separate appeal to this court, and we express no opinion as to the propriety of the dismissal.

Some two months later, having been reinstated by the secretary of state, plaintiff filed this second action, reasserting its prior claims and adding new claims for breach of fiduciary duty against Daly and breach of contract against Peak. Daly filed a motion for dismissal and Peak moved for summary judgment, both contending that plaintiff's claims were barred under the applicable statutes of limitations. Plaintiff responded that its new action was timely under § 13–80–111, C.R.S.2004, because it was commenced within ninety days after dismissal of the first action. The trial court disagreed with plaintiff, granted defendants' motions, and certified its orders as a final judgment pursuant to C.R.C.P. 54(b).

## II.

On appeal, plaintiff does not dispute that its second action was brought more than three years after the claims against these defendants accrued and that the claims would thus be time barred under §§ 13–80–101 and 13–80–102, C.R.S.2004, absent tolling of the limitations period. Plaintiff contends, however, that its claims were timely in light of § 13–80–111, the "remedial revival statute," which tolls the running of an otherwise applicable statute of limitations when an original, timely action has been terminated for lack of jurisdiction and a new action is commenced within ninety days thereafter. We are not persuaded.

We review de novo a trial court's rulings on motions for summary judgment or dismissal on statute of limitations grounds. See Morrison v. Goff, 91 P.3d 1050 (Colo. 2004); Harrison v. Pinnacol Assurance, 107 P.3d 969 (Colo.App.2004).

A statute of limitations defense may be considered on a motion to dismiss where the bare allegations of the complaint reveal that the action was not brought within the required statutory period. CAMAS Col-

*orado, Inc. v. Board of County Commissioners*, 36 P.3d 135 (Colo.App.2001). Where the complaint shows on its face that the claim was brought outside the statute of limitations, a party who contends that the statute of limitations should be tolled has the burden to establish a basis for such tolling. *See First Interstate Bank v. Berenbaum*, 872 P.2d 1297 (Colo.App.1993).

■ Absent a specific statutory provision, Colorado law does not allow for the tolling of a statute of limitations during the pendency of a prior action. *Chilcott Entertainment L.L.C. v. John G. Kinnard Co.*, 10 P.3d 723 (Colo.App.2000).

### A.

Section 13–80–111(1), C.R.S.2004, the statute on which plaintiff relies here to support its tolling argument, states, in relevant part:

> If an action is commenced within the period allowed by this article and is terminated because of lack of jurisdiction or improper venue, the plaintiff ... may commence a new action upon the same cause of action within ninety days after the termination of the original action ....

Thus, under the plain language of the statute, if an original action was timely commenced and was then terminated because of lack of jurisdiction or improper venue, a second action brought within ninety days after that termination will be deemed timely. *See Sharp Bros. Contracting Co. v. Westvaco Corp.*, 817 P.2d 547 (Colo.App.1991) (action was timely because it was filed within ninety days after original federal court action was dismissed for lack of subject matter jurisdiction); *Soehner v. Soehner*, 642 P.2d 27 (Colo. App.1981) (where wife's fraud claim was dismissed for lack of jurisdiction, trial court erred in not applying remedial revival statute to render timely wife's subsequent independent action seeking same relief).

However, § 13–80–111 does not apply where the original action is dismissed for reasons other than lack of jurisdiction or improper venue. *See Nguyen v. Swedish Medical Center*, 890 P.2d 255 (Colo.App.1995) (dismissal of original malpractice action based on plaintiff's failure to file nonresident cost bond was not a dismissal affecting either subject matter jurisdiction or personal jurisdiction; thus, remedial revival statute was inapplicable to plaintiff's second complaint); *see also Broker House International, Ltd. v. Bendelow*, 952 P.2d 860 (Colo.App.1998) (because dismissal of first action based on expiration of statute of limitations was not a dismissal for lack of jurisdiction, § 13–80–111 did not apply).

Here, plaintiff's first action was dismissed because the court determined that its suspended status rendered it incompetent to transact business under Colo. Sess. Laws 1990, ch. 58, § 7–80–305 at 422 (repealed effective July 1, 2004), which stated in relevant part:

> (1) If any domestic limited liability company has failed to pay the fees required by law or to file any report or statement required by law, ... such limited liability company shall be suspended.

> (2) Any domestic limited liability company which is suspended under the provisions of this section ... shall be inoperative and no longer competent to transact business in this state.

The original trial court concluded that this inability to transact business amounted to a lack of capacity to sue under C.R.C.P. 17. *See Alperstein v. Sherwood International, Inc.*, 778 P.2d 279 (Colo.App.1989) (suspended corporation lacked power to file and pursue claim against estate). As noted, the trial court here concluded that the prior dismissal was not a dismissal for either lack of jurisdiction or improper venue and that § 13–80–111 thus did not apply.

### B.

Plaintiff contends on appeal that dismissal for lack of capacity is in fact a dismissal for lack of subject matter jurisdiction, and that the trial court therefore erred in ruling to the contrary. We disagree.

■ Subject matter jurisdiction concerns the court's authority to deal with the class of cases in which it renders judgment. *Nguyen v. Swedish Medical Center, supra.* A court has subject matter jurisdiction if the

case is one of the type of cases that the court has been empowered to entertain by the sovereign from which the court derives its authority. *Paine, Webber, Jackson & Curtis, Inc. v. Adams,* 718 P.2d 508 (Colo.1986); *Ashton Properties, Ltd. v. Overton,* 107 P.3d 1014 (Colo.App.2004).

Once a court's subject matter jurisdiction is properly invoked, a party's failure to comply with a procedural requirement may justify the court's dismissal of the action within its discretion, but such failure does not divest the court of subject matter jurisdiction. *Eagle Peak Farms, Ltd. v. Lost Creek Ground Water Management District,* 7 P.3d 1006 (Colo.App.1999); *see also Mahaffey v. Barnhill,* 855 P.2d 847 (Colo.1993) (neither failure to set trial of election contest within statutory time limit nor failure to file cost bond deprived trial court of jurisdiction to hear the controversy); *People in Interest of Clinton,* 762 P.2d 1381 (Colo.1988) (failure to follow statutory requirement of forthwith appointment of counsel for allegedly mentally ill person did not deprive court of personal or subject matter jurisdiction in mental health certification proceeding); *Hoyman v. Coffin,* 976 P.2d 311 (Colo.App.1998) (untimely filing of traverse in garnishment proceeding did not divest trial court of jurisdiction to conduct hearing); *People v. Grell,* 950 P.2d 660 (Colo.App.1997) (prosecution's failure to file forfeiture complaint within sixty-day time limit was procedural defect that did not divest trial court of subject matter jurisdiction).

■ "Capacity" refers to a party's personal right to come into court. It deals with the personal qualifications of a party to litigate, and it typically is determined without regard to the particular claim or defense being asserted. *Summerhouse Condominium Ass'n v. Majestic Savings & Loan Ass'n,* 44 Colo. App. 495, 615 P.2d 71 (1980). Capacity to sue or be sued is addressed in C.R.C.P. 17, a procedural rule providing how a legally constituted entity may bring its action. *See Hidden Lake Development Co. v. District Court,* 183 Colo. 168, 515 P.2d 632 (1973).

■ Capacity refers not only to the power to bring an action, but also to the power to maintain it. Thus, a corporation may have capacity to sue when it files a complaint and thereafter lose that power under state law. *See Mather Construction Co. v. United States,* 201 Ct.Cl. 219, 475 F.2d 1152 (1973) (plaintiff corporation suspended under state law for failing to pay taxes some twenty days after complaint was filed became incompetent to bring suit, and action had to be dismissed because corporation had lost its capacity). *See generally* 6A C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure Civ.2d* § 1559 (1990).

Although plaintiff asserts that lack of capacity "should be treated as lack of standing, a threshhold jurisdictional issue," capacity is not the same as standing, and the two concepts have different implications for the determination of jurisdiction. In *Public Service Co. v. Barnhill,* 690 P.2d 1248, 1250 (Colo.1984), the supreme court rejected the argument that a plaintiff's mental illness deprived her of standing to file and maintain the action. The court explained:

> [T]he argument in reality is simply that respondent lacked capacity to participate in the litigation. A sometimes fine but always critical distinction must be drawn between assertions that a plaintiff lacks standing to sue and assertions that a plaintiff is not able to sue because of some medical or physical impairment. In the former circumstance, no case or controversy exists for the exercise of judicial authority. In the latter situation, however, there is indeed a case or controversy, in the sense that the plaintiff has asserted injury to a legally protected interest, but the plaintiff is for some reason disabled from effectively representing that interest.

*Public Service Co. v. Barnhill, supra,* 690 P.2d at 1250 (citations omitted); *see also Citizens Concerned for Separation of Church & State v. City & County of Denver,* 628 F.2d 1289, 1300 (10th Cir.1980) (holding that unincorporated association's lack of standing deprived court of jurisdiction over appeal, but observing that "There is a difference between capacity to sue and standing to sue. The former relates to the right to come into court, while the latter relates to the right to relief.").

In *Ashton Properties, Ltd. v. Overton, supra,* a division of this court concluded that a partnership's lack of capacity to sue did not affect the trial court's subject matter jurisdiction. The division reasoned:

> Subject matter jurisdiction and capacity are different legal doctrines. "In contrast to subject matter jurisdiction, which concerns the court's ability to consider a question ... capacity to sue concerns a party's right to maintain any action." The two doctrines are independent of each other, and a party's capacity to sue or lack thereof does not affect the jurisdiction of the court. Capacity to sue is not jurisdictional, and unlike subject matter jurisdiction, an objection to it may be waived if not timely asserted.

*Ashton Properties, Ltd. v. Overton, supra,* 107 P.3d at 1017 (citations omitted).

The *Ashton* division's conclusion that a lack of capacity is not jurisdictional is consistent with the weight of authority in Colorado and elsewhere. *See Funk v. Funk,* 76 Colo. 45, 230 P. 611 (1924) (objection that plaintiff lacked capacity to sue did not go to jurisdiction); *Board of Commissioners v. City of Colorado Springs,* 66 Colo. 111, 180 P. 301 (1919) (unlike objections going to jurisdiction, objection that city had no capacity to sue was waived by county's answer); *Alperstein v. Sherwood International, Inc., supra* (noting, without explanation, that the division disagreed with trial court's conclusion that it lacked subject matter jurisdiction over claim filed against estate by suspended corporation, but affirming denial of claim on other grounds); *see also Summers v. Interstate Tractor & Equipment Co.,* 466 F.2d 42 (9th Cir.1972) (question of capacity to sue generally does not affect subject matter jurisdiction of court); *Crane Construction Co. v. Klaus Masonry,* 71 F.Supp.2d 1138, 1141 (D.Kan.1999) ("legal existence is not a jurisdictional issue and cannot be raised at any time in the proceeding"); *Cochrane v. Tudor Oaks Condominium Project,* 529 N.W.2d 429 (Minn.Ct.App.1995) (capacity concerns party's right to maintain an action, and right to challenge capacity is waived if not timely raised).

As one authority has observed:

> Some early decisions suggested that a defect in capacity deprives the court of subject matter jurisdiction, since a real case or controversy does not exist when one of the parties is incapable of suing or being sued, although more recent authority has rejected that characterization. To treat capacity problems as subject matter jurisdiction defects seems to exaggerate their significance ....

Wright, Miller & Kane, *supra,* § 1559.

▮▮▮ Thus, unlike a lack of standing, which means that there is no justiciable controversy and hence no basis for the court's exercise of jurisdiction, a lack of capacity does not affect the court's subject matter jurisdiction.

### C.

In support of a contrary conclusion, plaintiff relies on cases from Colorado and other jurisdictions that characterize lack of capacity as a jurisdictional defect. *See, e.g., Ivanhoe Grand Lodge A.F. & A.M. v. Most Worshipful Grand Lodge of Ancient Free & Accepted Masons,* 126 Colo. 515, 518, 251 P.2d 1085, 1087 (1952) (where plaintiff unincorporated association neither alleged nor proved that it had capacity to maintain action, trial court "was without jurisdiction to proceed and should have dismissed the proceeding"); *Black Canyon Citizens Coalition, Inc. v. Board of County Commissioners,* 80 P.3d 932 (Colo.App.2003) (because named corporate plaintiff had no corporate existence and therefore lacked capacity when complaint was filed, complaint was void ab initio and jurisdiction over dispute was never conferred on court); *Defelice v. Johnson,* 931 P.2d 548 (Colo.App.1996) (where named defendant had died when complaint was filed and there was no personal representative, no legal entity could be named as a defendant and court thus lacked jurisdiction to proceed); *Jenkins v. Estate of Thomas,* 800 P.2d 1358 (Colo.App.1990) (same).

In all the Colorado cases cited by plaintiff, however, the named plaintiff or defendant did not exist at the time the action was filed. Here, by contrast, plaintiff existed and thus had capacity to sue when it filed its com-

plaint, but later was found to have lost capacity when it became incompetent to transact business. Thus, the Colorado cases relied on by plaintiff are arguably distinguishable. *But see Mather Construction Co. v. United States, supra* (dismissing case "for lack of jurisdiction" where corporation that originally had capacity became incompetent during course of proceedings). To the extent the cases are not reconcilable, we conclude that the rule set forth in *Ashton* is consistent with the better reasoned and currently prevailing majority rule, *see* Wright, Miller & Kane, *supra,* and we elect to adhere to that rule.

Because the basis for the dismissal of the first action was not jurisdictional, the trial court did not err in concluding that § 13–80–111 was inapplicable to plaintiff's second action.

The judgment is affirmed.

Judge NIETO and Judge HAWTHORNE concur.