24CA0856 Rivera v Fort 05-29-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA0856
Douglas County District Court No. 23CV30570
Honorable Andrew C. Baum, Judge

Obed Rivera,

Plaintiff-Appellant,

v.

Paul R. Fort,

Defendant-Appellee.

JUDGMENT AFFIRMED AND CASE
REMANDED WITH DIRECTIONS

Division VII
Opinion by JUDGE JOHNSON
Lipinsky and Moultrie, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 29, 2025

Furtado Law PC, David J. Furtado, Robert E. Roetzel, Denver, Colorado, for
Plaintiff-Appellant

Jachimiak Peterson Kummer LLC, Andrew D. Peterson, Taylor A. Clapp,
Lakewood, Colorado, for Defendant-Appellee

¶ 1    Plaintiff, Obed Rivera (Rivera), appeals the district court's order dismissing his negligence claim against defendant, Paul R. Fort (Fort).

¶ 2    Rivera contends that the district court erred by finding that equitable tolling did not extend the statute of limitations for his negligence claim because, in Rivera's earlier case against Fort, Fort engaged in wrongful conduct by evading service of process.  We conclude that the district court did not err by dismissing Rivera's claim because Rivera filed it beyond the statute of limitations and he alleged no facts to support a basis for equitable tolling.  We also conclude that Fort is entitled to an award of his reasonable appellate attorney fees and costs.  Thus, we affirm.

## I.    Background

¶ 3    On May 2, 2020, Fort performed plumbing services at Rivera's residence in which Fort used a gas torch to solder copper piping.  On that same day, a fire started inside the walls of Rivera's residence, causing extensive damage and rendering the property uninhabitable.  On September 30, 2021, Rivera filed a case, Douglas County District Court Case No. 21CV30695, against Fort and Fort's employer (the 2021 case), alleging that Fort's negligent

work caused the fire.[1]  Rivera asserted that Fort's employer was his brother's company.

¶ 4　　While Rivera was able to serve the complaint on Fort's employer, he was never able to effectuate service on Fort in the 2021 case.  In April 2022, Rivera requested that the court allow him to serve Fort through substituted service; the court denied that request but granted Rivera a thirty-day extension of time to effectuate service on Fort.  So that he could proceed with his claim against the employer, Rivera filed a motion to dismiss his claim against Fort without prejudice, which the district court granted on May 27, 2022.  This dismissal occurred after the statute of limitations for Rivera's claim against Fort had expired.  Rivera settled the 2021 case with Fort's employer before trial.

¶ 5　　On July 22, 2023, Rivera effectuated service on Fort in a new action (the 2023 case), pursuant to C.R.C.P. 3(a), which allows a plaintiff to initiate an action with service of the summons and

---

[1] The case file from Douglas County Court Case No. 2021CV30695 is not part of the record on appeal.  We take judicial notice of certain filings in the 2021 case, however, because they are referenced in this appeal.  *See Walker v. Van Laningham,* 148 P.3d 391, 397-98 (Colo. App. 2006) (an appellate court may take judicial notice of related court documents).

complaint on a defendant so long as the complaint is filed with the court with fourteen days from the service date. In the 2023 case, which Rivera filed on July 27, 2023, he again alleged that Fort negligently caused the fire at Rivera's residence.

¶ 6 Fort sought to dismiss the 2023 case on the grounds that the two-year statute of limitations for negligence actions under section 13-80-102(1)(a), C.R.S. 2024, had expired. In response, Rivera argued that the two-year limitations period stopped running during the pendency of the 2021 case, and alternatively, that the limitations period should be equitably tolled. After briefing, the district court dismissed the 2023 case, with prejudice, finding that it was time barred. The court determined that the doctrine of equitable tolling did not apply, reasoning that Rivera's complaint had not pled that equitable tolling should apply. In its dismissal order, the court said that the parties would be responsible for their own respective costs and attorney fees.

¶ 7 At Fort's request, the court amended its dismissal order to award Fort his attorney fees and costs under section 13-17-201(1), C.R.S. 2024, because Rivera's complaint was dismissed under

3

C.R.C.P. 12(b)(5). Rivera appeals the orders dismissing the 2023 case and awarding attorney fees and costs to Fort.

## II. Statute of Limitations and Equitable Tolling

¶ 8 Rivera contends that the district court erred by finding that the two-year statute of limitations for his negligence claim against Fort was not equitably tolled.

### A. Standard of Review and Applicable Law

¶ 9 "We review de novo a trial court's decision to grant a C.R.C.P. 12(b)(5) motion to dismiss." *Wagner v. Grange Ins. Ass'n*, 166 P.3d 304, 307 (Colo. App. 2007).

¶ 10 "[C]laims for negligence are subject to a two-year limitations period." *SMLL, L.L.C. v. Daly*, 128 P.3d 266, 269 (Colo. App. 2005) (citing § 13-80-102(1)(a)). Under section 13-80-108(1), C.R.S. 2024, a cause of action for injury to property accrues "on the date both the injury and its cause are known or should have been known by the exercise of reasonable diligence." "Absent a specific statutory provision, Colorado law does not allow for the tolling of a statute of limitations during the pendency of a prior action." *SMLL, L.L.C. v. Peak Nat'l Bank*, 111 P.3d 563, 565 (Colo. App. 2005).

¶ 11 Although Colorado recognizes the doctrine of equitable tolling, it "is limited to situations in which either the defendant has wrongfully impeded the plaintiff's ability to bring the claim or truly extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts." *Dean Witter Reynolds, Inc. v. Hartman*, 911 P.2d 1094, 1099 (Colo. 1996).

¶ 12 "[A] party who contends that the statute of limitations should be tolled has the burden to establish a basis for such tolling." *Peak Nat'l Bank*, 111 P.3d at 565.

## B. Analysis

¶ 13 For two reasons, we affirm the district court's dismissal of the 2023 case.

¶ 14 First, the district court was correct that the statute of limitations on Rivera's negligence claim against Fort expired before Rivera filed the 2023 case. The claim accrued on May 2, 2020, when the fire resulted in damage to Rivera's residence. The statute of limitations on the negligence claim was not tolled during the pendency of the 2021 case. *See King v. W. R. Hall Transp. & Storage Co.*, 641 P.2d 916, 920 (Colo. 1982) ("Generally, when a statute does not specifically allow for the tolling of a statute of

limitations during the pendency of a prior action, a party cannot deduct from the period of the statute of limitations applicable to his case the time consumed by the pendency of an action in which he sought to have the matter adjudicated, but which was dismissed without prejudice as to him."); *Peak Nat'l Bank*, 111 P.3d at 565. Thus, the time for Rivera to file his negligence claim against Fort expired on May 2, 2022 — more than a year before Rivera filed the 2023 case. Therefore, the district court did not err by granting Fort's motion to dismiss. Nonetheless, Rivera argues that the statute of limitations for his negligence claim against Fort was tolled or equitably tolled.

¶ 15 Second, Rivera failed to allege facts in the 2023 case supporting his argument that equitable tolling should apply to his negligence claim against Fort. We do not agree with the district court that Rivera had to plead facts in his complaint in the 2023 case showing why equitable tolling should apply. Regardless, Rivera failed to allege facts to meet his burden that equitable tolling should apply in opposing Fort's motion to dismiss.

¶ 16 Rivera contends that Fort engaged in wrongful conduct because he knew about, and must have evaded service in, the 2021

6

case. Rivera points to two main pieces of information supporting these allegations: (1) email correspondence sent by Fort's employer in late June 2022 in which Fort claims he conducted Rivera's plumbing job as a side gig and not through his brother's company; and (2) Fort's sworn statement dated March 30, 2023, filed as part of Fort's employer's motion for summary judgment in the 2021 case. At most, this evidence shows that Fort knew about the 2021 case *after* Fort was dismissed from the case, but it does not prove that Fort had knowledge about the case while he was still a named defendant. Likewise, the information Rivera relies on does not support his allegation that Fort acted wrongfully by evading service.

¶ 17    Indeed, to the extent that Rivera believed Fort was evading service, especially given that Fort confirmed his whereabouts in the March 2023 sworn statement, Rivera could have raised any supported allegations of Fort's misconduct by filing a C.R.C.P. 60(b) motion in the 2021 case. *See* C.R.C.P. 60(b)(1) (allowing a court to relieve a party from a final judgment or order if the party establishes mistake, inadvertence, surprise, misconduct, or excusable neglect); *see also Taylor v. HCA-HealthONE LLC*, 2018 COA 29, ¶¶ 9-10, 31 (directing the district court to reconsider the

denial of plaintiff's Rule 60(b) motion, which the plaintiff filed shortly after the case was dismissed without prejudice, because the plaintiff had served the defendant within a relatively short period of time after entry of the dismissal order).

¶ 18     But simply filing another lawsuit without allegations to support the argument that Fort evaded service does not relieve Rivera of his burden to prove that equitable tolling applies. Although we disagree that Rivera had to plead in his complaint facts to support his claim that equitable tolling should apply to extend the statute of limitations for his negligence claim against Fort, we conclude that he failed to meet his burden to apply the doctrine based on the information presented in the 2023 case. *Rush Creek Sols., Inc. v. Ute Mountain Ute Tribe*, 107 P.3d 402, 406 (Colo. App. 2004).

¶ 19     And because we affirm the district court's dismissal, we necessarily also affirm its award of Fort's attorney fees and costs.

## III.     Appellate Attorney Fees

¶ 20     Fort seeks an award of his appellate attorney fees and costs pursuant to C.A.R. 39.1 and section 13-17-201(1).

¶ 21 C.A.R. 39.1 provides, "If attorney fees are recoverable for the appeal, the principal brief of the party claiming attorney fees must include a specific request, under a separate heading, and must explain the legal and factual basis for an award of attorney fees." We have discretion to determine if a party is entitled to an award of attorney fees and the amount of those fees. *Id.*

¶ 22 Section 13-17-201(1) states that if an action "brought as a result of a death or an injury to person or property occasioned by the tort of any other persons" is dismissed on a motion of the defendant prior to trial under C.R.C.P. 12(b), "such defendant shall have judgment for his reasonable attorney fees in defending the action." We conclude that Fort is entitled to his appellate attorney fees pursuant to C.A.R. 39.1 and section 13-17-201(1) because he successfully defended the C.R.C.P. 12(b) dismissal order entered in the 2023 case. *Wilson v. Meyer*, 126 P.3d 276, 284 (Colo. App. 2005) ("A party who successfully defends a dismissal order is entitled to recover reasonable attorney fees incurred on appeal."). While Rivera opposes this request, he fails to state the legal or factual basis underlying his position. *See* C.A.R. 39.1 ("Any opposition to a request for attorney fees, and the legal and factual

basis for the opposition, must be set forth in either the answer or reply brief . . . .").

¶ 23 Likewise, pursuant to C.A.R. 39(a)(2), because we affirm the judgment, costs are taxed against the appellant. Thus, Fort is also entitled to recover his appellate costs.

¶ 24 We remand the case to the district court for a determination of the amount of reasonable attorney fees and costs Fort incurred on appeal.

## IV. Conclusion

¶ 25 The judgment is affirmed, and the case is remanded for the district court to determine and award Fort his reasonable attorney fees and costs incurred on appeal.

JUDGE LIPINSKY and JUDGE MOULTRIE concur.