25CA1286 Topa v Frechin 06-11-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA1286
Jefferson County District Court No. 24CV188
Honorable Christopher B. Rhamey, Judge

Halina Topa,

Plaintiff-Appellant,

v.

Richard Frechin, Heidi Frechin Wilson, and Kathleen Walker,

Defendants-Appellees.

---

JUDGMENT AFFIRMED

Division VI
Opinion by JUDGE GOMEZ
Grove and Moultrie, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced June 11, 2026

---

Halina Topa, Pro Se

Pradhan & Backus, Ltd., Akshay A. Pradhan, Matthew R. Bachus, Martina A. Slocomb, Littleton, Colorado for Defendants-Appellees

¶ 1    Following a long history of alleged abuses starting in 1987, plaintiff, Halina Topa, brought various claims against defendants, Richard Frechin, Heidi Frechin Wilson, and Kathleen Walker.  Topa challenges the district court's dismissal of those claims, as well as its denial of her motion to amend the complaint to add additional claims.  We reject her challenges and affirm.

## I.    Background

¶ 2    Topa's pro se complaint alleged the following facts, which we accept as true for the purpose of evaluating the district court's ruling on defendants' motion for judgment on the pleadings.  *See Brown v. Long Romero*, 2021 CO 67, ¶ 17.

¶ 3    In 1987, Topa met Frechin, who told her he was divorced and had an ex-wife (Walker) and one child (Wilson).  Despite Topa's indication that she wasn't interested, Frechin repeatedly made romantic advances towards her.

¶ 4    In 1989, after the renter in Topa's upstairs apartment moved out, Frechin moved into that unit.  Topa and her daughter lived downstairs.  From then on, Frechin "exhibit[ed] controlling and moody behavior."  Topa also learned that Frechin was not divorced,

as he'd claimed, but was still married to Walker, and that he had a second child. Frechin and Walker divorced the following year.

¶ 5     Feeling "intimidated" by Frechin's abusive behavior, Topa started working on his property, performing housekeeping, babysitting his children, and assisting with his real estate business. In 1990, as a result of Frechin's failure to pay rent for the upstairs unit, Topa lost her house in foreclosure. She then moved with Frechin to another home, where his abusive conduct continued.

¶ 6     Topa and Frechin had a child in 1992. A year later, Frechin sued Topa for custody. Thereafter, Frechin and Walker engaged in a campaign to alienate the child from Topa, and Frechin continued to engage in acts of physical violence, emotional manipulation, and intimidation. Topa and Frechin were involved in further court proceedings relating to their child in 2008.

¶ 7     In 2008, Frechin obtained a protection order against Topa in county court, and then, in 2012, Wilson also obtained a protection order against her. In 2023, the county court considered the continued need for the protection orders, with hearings held on September 27 regarding Wilson's protection order and on November 13 regarding Frechin's protection order.

¶ 8    On September 11, 2024, Topa filed her complaint in this case. Based on her allegations spanning from 1987 to 2008, as well as Frechin's and Wilson's statements at the 2023 hearings, Topa asserted the following self-styled claims:

- Count 1: Fraud and Misrepresentation

- Count 2: Intentional Infliction of Emotional Distress

- Count 3: Assault and Battery

- Count 6[1]: Defamation

- Count 7: Parental Alienation and Custody Interference

- Count 8: Conspiracy to Kidnap

- Count 9: Coercion and Manipulation

- Count 10: Economic Exploitation

- Count 11: Restriction of Movement or Control Over Personal Life

- Count 12: Sexual Exploitation

- Count 13: Abuse of Vulnerability

¶ 9    Defendants filed a motion for judgment on the pleadings, asserting, among other things, that Topa's claims were time barred.

---

[1] Topa's complaint skipped Counts 4 and 5.

Topa then filed a motion to amend her complaint, reasserting most of her claims and requesting to add ten more. She also asserted that her claims were timely based on the continuing violation doctrine.

¶ 10    The district court addressed both motions in a single order. First, the court concluded that, aside from the portions of her intentional infliction of emotional distress and defamation claims that rested on the statements at the 2023 hearings, Topa's claims were all time barred. The court accordingly dismissed all but those two claims. Second, the court determined that the motion to amend didn't allege any new facts that would bring Topa's claims within the limitations period, nor did the newly alleged continuing violation doctrine save the untimely claims from dismissal. The court accordingly denied the motion to amend as futile.

¶ 11    Defendants later filed a motion for summary judgment on the two remaining claims. The court granted the motion, concluding that the statements on which the claims were based were protected under the absolute litigation privilege and that the evidence didn't support the claims.

¶ 12    This appeal followed.

## II.    Judgment on the Pleadings

¶ 13    We first address — and reject — Topa's challenge to the district court's partial grant of judgment on the pleadings.  We set out the relevant legal standards and then apply those standards to each of the claims the court dismissed on the pleadings.

¶ 14    We review de novo a district court's grant of a motion for judgment on the pleadings under C.R.C.P. 12(c).  *Brown,* ¶ 17.  We also review de novo a district court's dismissal of claims on statute of limitations grounds.  *SMLL, L.L.C. v. Peak Nat'l Bank,* 111 P.3d 563, 564 (Colo. App. 2005).

¶ 15    "Judgment on the pleadings is appropriate if, from the pleadings, the moving party is entitled to judgment as a matter of law."  *City & County of Denver v. Qwest Corp.,* 18 P.3d 748, 754 (Colo. 2001).  The standards applicable to motions for judgment on the pleadings are similar to those that apply to motions to dismiss under C.R.C.P. 12(b)(5).  *Paradine v. Goei,* 2018 COA 55, ¶ 6.  Thus, a court "must construe the allegations of the pleadings strictly against the movant, must consider the allegations of the opposing part[y's] pleadings as true, and should not grant the motion unless the pleadings themselves show that the matter can be determined

on the pleadings." *Brown*, ¶ 17 (quoting *Melat, Pressman & Higbie, L.L.P. v. Hannon L. Firm, L.L.C.*, 2012 CO 61, ¶ 17).

¶ 16    "A statute of limitations defense may be considered [at this stage] where the bare allegations of the complaint reveal that the action was not brought within the required statutory period." *SMLL, L.L.C.*, 111 P.3d at 564. "Where the complaint shows on its face that the claim was brought outside the statute of limitations, a party who contends that the statute of limitations should be tolled has the burden to establish a basis for such tolling." *Id.* at 565.

¶ 17    Finally, where, as here, a party is self-represented throughout the case, we liberally interpret their complaint and other pleadings. *Al-Hamim v. Star Hearthstone, LLC*, 2024 COA 128, ¶ 11. Nonetheless, a self-represented party is subject to the same procedural requirements that apply to represented parties. *Id.*

### A.    Count 1 (Fraud and Misrepresentation)

¶ 18    Under section 13-80-101(1)(c), C.R.S. 2025, "actions for fraud, misrepresentation, concealment, or deceit" generally must "be commenced within three years after the cause of action accrues." But to the extent that such actions seek to recover damages caused by an act of domestic violence, they must be commenced "within six

6

years after [the] cause of action accrues." § 13-80-103.6(1), C.R.S. 2025. Such actions accrue "on the date [the] fraud, misrepresentation, concealment, or deceit is discovered or should have been discovered by the exercise of reasonable diligence." § 13-80-108(3), C.R.S. 2025.

¶ 19 Topa based her fraud and misrepresentation claim on her allegation that Frechin falsely represented when the two met in 1987 that he was divorced and had only one child when, in fact, he was still married and had two children. She also alleged that she discovered the truth about his wife and second child in 1989 or 1990. These allegations fall outside the statute of limitations, regardless of whether the three-year or six-year period applies. The district court therefore did not err in dismissing this claim.

B. Count 2 (Intentional Infliction of Emotional Distress)

¶ 20 Tort actions for intentional infliction of emotional distress must be brought "within two years after the cause of action accrues," § 13-80-102(1)(a), C.R.S. 2025, unless they seek to recover damages caused by an act of domestic violence, in which case they must be brought "within six years after [the] cause of action accrues," § 13-80-103.6. Such actions accrue "on the date

7

both the injury and its cause are known or should have been known by the exercise of reasonable diligence." § 13-80-108(1).

¶ 21    For her intentional infliction of emotional distress claim, Topa alleged that Frechin engaged in "a pattern of abusive, controlling, and manipulative behavior, including but not limited to, physical violence, verbal abuse, and psychological manipulation." Topa alleged facts regarding this alleged abuse spanning from 1987 to 2008. She also alleged that at one of the 2023 protection order hearings, "Frechin continued to slander [her], blaming his own actions of violence, extortion, adultery, child abuse, and human trafficking on [her] behavior, and causing her [i]ntentional [i]nfliction of [e]motional [d]istress."

¶ 22    We conclude that the district court correctly allowed this claim to proceed only as to the facts alleged to have occurred in 2023, as only those facts fell within the two (or six) years preceding the 2024 filing of the complaint. The court correctly determined that all other allegations as to this claim are time barred.

C.    Counts 3 (Assault and Battery) and 6 (Defamation)

¶ 23    Tort actions for "[a]ssault, battery, . . . libel, and slander" must be brought "within one year after the cause of action accrues,"

8

§ 13-80-103(1)(a), C.R.S. 2025, unless they seek to recover damages caused by an act of domestic violence, in which case they must be brought "within six years after [the] cause of action accrues," § 13-80-103.6. Again, such actions accrue "on the date both the injury and its cause are known or should have been known by the exercise of reasonable diligence." § 13-80-108(1).

¶ 24     Topa based her assault and battery claim on acts of violence alleged to have occurred in 1991. Because any such acts fall well outside the one- or six-year limitations period, the district court was correct in determining that this claim is time barred.

¶ 25     In contrast, Topa alleged that defamatory statements were made about her during the protection order hearings on September 27 and November 13, 2023. Because these hearings occurred within one year of the filing of Topa's complaint, we agree with the district court that Topa's defamation claim was not time barred to the extent that it was based on the statements made at the hearings. To the extent that Topa's claim was based on statements from 2008 or before, we agree that it is time barred.

### D. Count 7 (Parental Alienation and Custody Interference)

¶ 26    Topa's claim for "parental alienation and custody interference" was based on section 14-10-129, C.R.S. 2025, and the Restatement (Second) of Torts § 700 (A.L.I. 1977).

¶ 27    While there is no indication that section 14-10-129 (which concerns modification of parenting time) creates a private right of action, Colorado does recognize the tort of interference with the parent-child relationship. *See D & D Fuller CATV Constr., Inc. v. Pace*, 780 P.2d 520, 524 (Colo. 1989). The tort creates liability for someone who, "with knowledge that the parent does not consent, abducts or otherwise compels or induces a minor child to leave a parent legally entitled to [the child's] custody or not to return to the parent after [the child] has . . . left [the parent]." *Id.* (quoting Restatement (Second) of Torts § 700).

¶ 28    Tort actions for interference with relationships are governed by a two-year statute of limitations, § 13-80-102(1)(a), unless they seek to recover damages caused by an act of domestic violence, in which case they are governed by a six-year statute of limitations, § 13-80-103.6. And once again, such actions accrue "on the date both the

injury and its cause are known or should have been known by the exercise of reasonable diligence." § 13-80-108(1).

¶ 29　To support this claim, Topa alleged that Frechin "engaged in a pattern of behavior aimed at undermining and damaging the relationship between [Topa] and her child . . . through [p]athogenic [p]arenting, and coercive control of [the] child." She further alleged that the behavior "include[d] making disparaging remarks about [Topa] to [the child] and manipulating the child's perceptions." But once again, the underlying factual allegations date from 1993 to 2008. Indeed, the parties' child was more than thirty years old by the time the complaint was filed. Thus, the claim falls outside the two- or six-year statute of limitations, and the district court did not err in dismissing it as time barred.

E.　Counts 8 (Conspiracy to Kidnap), 9 (Coercion and Manipulation), 11 (Restriction of Movement or Control Over Personal Life), and 13 (Abuse of Vulnerability)

¶ 30　Topa asserted four claims based on criminal statutes: (1) "conspiracy to kidnap," based on section 18-3-304, C.R.S. 2025; (2) "coercion and manipulation," based on section 18-3-207, C.R.S. 2025; (3) "restriction of movement or control over personal life,"

based on section 18-3-303, C.R.S. 2025; and (4) "abuse of vulnerability," based on section 18-6-401, C.R.S. 2025.

¶ 31 Even assuming Topa could pursue civil claims for relief based on alleged violations of the cited criminal statutes, *but see Hurtado v. Brady*, 165 P.3d 871, 876 (Colo. App. 2007), the facts she alleged to support these claims took place between 1987 and 2008. Thus, regardless of whether the claims are governed by one-, two-, three-, or six-year limitation periods under sections 13-80-101, -102, -103, or -103.6, they are time barred. We therefore conclude that the district court didn't err in dismissing these claims.

### F. Count 10 (Economic Exploitation)

¶ 32 Topa's claim for "economic exploitation" referenced the Colorado Wage Claim Act, §§ 8-4-101 to -127, C.R.S. 2025, as well as principles of unjust enrichment.

¶ 33 In support of this claim, Topa alleged that she "was forced to forego rental income [and was] compelled to work for [Frechin] under false pretenses and without proper compensation, constituting economic exploitation." She also alleged that the work included "maintenance and improvement of [Frechin's] property, with [Frechin] benefiting economically from [her] labor while

12

denying her the agreed compensation and fair treatment." These allegations spanned the same time period from 1989 to 2008.

¶ 34     To the extent that Topa's claim fell under the Wage Claim Act, it was subject to that Act's two-year limitations period, unless it was based on a willful violation of the Act, in which case it was subject to a three-year limitations period. *See* § 8-4-122, C.R.S. 2025. To the extent that the claim was based on a theory of unjust enrichment, it was subject to a three-year limitations period. *See Sterenbuch v. Goss*, 266 P.3d 428, 437 (Colo. App. 2011); § 13-80-101(1)(a). And to the extent that the claim sought to recover a liquidated debt, a determinable amount of money, rent arrears, or damages caused by an act of domestic violence, it was subject to a six-year limitations period. *See* § 13-80-103.5(1)(a)-(b), C.R.S. 2025; § 13-80-103.6. In any event, the cause of action accrued on the date any debt or obligation became due. *See* § 13-80-108(4).

¶ 35     Topa's allegations regarding this claim fall outside all these limitation periods. The district court therefore did not err in dismissing the claim as time barred.

## G.    Count 12 (Sexual Exploitation)

¶ 36    Topa's claim for "sexual exploitation" was based on allegations that Frechin sexually assaulted her in 1991 and otherwise "engag[ed] in sexual abuse and exploitation of her" at some point between 1987 and 2008.

¶ 37    As of 2022, section 13-80-103.7(1)(a), C.R.S. 2025, allows civil claims based on sexual misconduct to be raised at any time, with no limitations period.  However, the amendment only "applies to causes of action accruing on or after January 1, 2022, and to causes of action accruing before January 1, 2022, if the applicable statute of limitations, as it existed prior to January 1, 2022, ha[d] not yet run on January 1, 2022." § 13-80-103.7(1)(b).

¶ 38    Before this amendment, the statute provided a six-year statute of limitations for such claims.  *See* § 13-80-103.7(1), C.R.S. 2021; *Hurtado*, 165 P.3d at 873.  Applying this six-year limitations period, the time to bring this claim had expired before the 2022 statutory amendment.  We therefore agree with the district court that this claim is time barred and was properly dismissed on that basis.

## H.    Continuing Violation Doctrine

¶ 39    Next, we consider Topa's argument that she should've been allowed to pursue her time-barred claims under the continuing violation doctrine.  We are not persuaded.

¶ 40    The continuing violation doctrine allows plaintiffs to "sue for a time-barred act by linking it with action that occurred within the applicable limitations period." *Neuromonitoring Assocs. v. Centura Health Corp.*, 2012 COA 136, ¶ 37.  The doctrine generally applies only in discrimination cases.  *Polk v. Hergert Land & Cattle Co.*, 5 P.3d 402, 405 (Colo. App. 2000).  However, section 13-80-103.6(2)(b) extends the doctrine to cases involving domestic violence, providing that the statute of limitations in a civil action to recover damages caused by a series of domestic violence offenses starts to run "with the last in the series of acts."

¶ 41    But the continuing violation doctrine applies only to a "series" or "pattern" of unlawful acts over an extended period of time, such that otherwise time-barred acts can be linked with acts that occurred within the limitations period.  *See, e.g.*, *Polk*, 5 P.3d at 405; *Harmon v. Fred S. James & Co. of Colo., Inc.*, 899 P.2d 258, 261-62 (Colo. App. 1994).  Here, Topa didn't allege anything in this

case that would make that link. Instead, she alleged a multitude of actions occurring many years ago, ending in 2008, and then two discrete and largely unrelated acts in 2023, with nothing alleged to have occurred in the intervening fifteen years. Thus, we agree with the district court that the continuing violation doctrine cannot be applied to save Topa's time-barred claims.

### III. Motion to Amend

¶ 42    We now turn to Topa's contention that the district court erred by denying her motion to amend the complaint. We disagree.

¶ 43    When, as here, a party requests leave to amend a pleading, "leave shall be freely given when justice so requires." C.R.C.P. 15(a). However, a district court may deny leave to amend if the amendment would be futile. *Benton v. Adams*, 56 P.3d 81, 86 (Colo. 2002). "An amendment is futile, if, for example, 'it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss.'" *Id.* at 86-87 (citation omitted). "When deciding whether a motion to amend pleadings is futile, the [district] court must accept the moving party's allegations as true." *Id.* at 87.

¶ 44     We generally review a district court's ruling on a motion to amend for an abuse of discretion. *Id.* at 85. However, "[w]hen a [district] court denies leave to amend on grounds that the amendment would be futile because it [could not] survive a motion to dismiss, we review that question de novo as a matter of law." *Id.*

¶ 45     In her motion to amend, Topa reasserted most of the claims she had set forth in her initial complaint and sought to add ten additional claims. But she didn't allege any new facts that would bring her existing claims within the relevant limitation periods. Nor did she base her added claims on any new factual allegations to bring them within any applicable one-, two-, three-, or six-year limitations period.

¶ 46     Because the claims and allegations Topa asserted in her motion to amend would fail to survive a motion to dismiss, we agree with the district court that granting the motion would have been futile. *See Sandoval v. Archdiocese of Denv.*, 8 P.3d 598, 606 (Colo. App. 2000) (the district court didn't err in denying a motion to amend the complaint when the claims raised in the amended complaint were barred by the statute of limitations). Accordingly, we conclude that the court properly denied the motion to amend.

17

## IV.    Summary Judgment

¶ 47    We now consider — and reject — Topa's argument that the district court erred by granting summary judgment in favor of defendants on those portions of her intentional infliction of emotional distress and defamation claims that the court determined were not time barred.

¶ 48    We review de novo orders granting summary judgment. *McDonald v. Zions First Nat'l Bank, N.A.*, 2015 COA 29, ¶ 44.

¶ 49    We "appl[y] the same standards as the [district] court in determining whether summary judgment is warranted." *Id.* at ¶ 85 (quoting *Timm v. Reitz*, 39 P.3d 1252, 1255 (Colo. App. 2001)). Summary judgment is appropriate only if the pleadings and other submissions establish that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Id.* at ¶ 45. Initially, the moving party bears the burden of establishing that there is no genuine issue of fact. *Id.* at ¶ 46. If the movant does so, then the burden shifts to the nonmoving party to establish that there is a triable factual issue. *Id.* To satisfy that burden, the nonmoving party must "set forth specific facts showing

a genuine issue of material fact." *Id.* at ¶ 61 (quoting *McDaniels v. Laub*, 186 P.3d 86, 87 (Colo. App. 2008)).

¶ 50     The district court determined that summary judgment was warranted because the statements on which Topa's intentional infliction of emotional distress and defamation claims rested (1) were shielded by the absolute litigation privilege and (2) didn't support the claims.  Because we agree with the first basis for granting summary judgment, we don't consider the second.

¶ 51     "Absolute privilege allows individuals to participate in fact-finding processes . . . without fear that their participation will serve as the basis for lawsuits against them." *Hushen v. Gonzales*, 2025 CO 37, ¶ 37.  This litigation privilege protects statements made by participants in judicial and quasi-judicial proceedings — including witnesses in such proceedings — from "use in a subsequent tort suit." *Id.* at ¶ 20 n.7.  The privilege applies so long as the statements have "some reference to the subject matter of the . . . litigation," such that they may possibly be relevant to the litigation, and are "made in furtherance of the objective of the litigation." *Killmer, Lane & Newman, LLP v. BKP, Inc.*, 2023 CO 47, ¶¶ 22, 24 (first quoting Restatement (Second) of Torts § 586 cmt. c; and then

quoting *Club Valencia Homeowners Ass'n v. Valencia Assocs.*, 712 P.2d 1024, 1028 (Colo. App. 1985)).

¶ 52 The statements at issue were made by Frechin and Wilson during hearings to determine whether continued protection orders against Topa were warranted. The entire transcripts of those hearings were presented to the district court as part of the summary judgment record. Frechin's and Wilson's statements during the hearings — in which they detailed their interactions with Topa and their perceptions of her behavior — plainly related to the subject matter of the protection order proceedings and were made in furtherance of their objective in those proceedings to protect themselves. Accordingly, the statements are protected by the litigation privilege. *See id.*

¶ 53 Topa argues that the statements should not be shielded because she alleges that they were knowingly false and made in bad faith. But such allegations are immaterial, as statements such as these are absolutely privileged "even if [they] are false or defamatory and made with knowledge of their falsity." *Dep't of Admin. v. State Pers. Bd.*, 703 P.2d 595, 597-98 (Colo. App. 1985); *accord Coomer v. Donald J. Trump for President, Inc.*, 2024 COA 35, ¶ 186.

¶ 54    Because Topa's intentional infliction of emotional distress and defamation claims rested solely on these privileged statements and she did not set forth any specific facts demonstrating a genuine issue of material fact, we conclude that the district court correctly granted summary judgment in favor of defendants on those two claims. *See McDonald*, ¶¶ 45, 61.

## V.    Cumulative Error

¶ 55    Now we consider Topa's final contention — that the cumulative effect of all the alleged errors deprived her of due process and the right to be meaningfully heard. We disagree.

¶ 56    Under the cumulative error doctrine, although a single error may by itself be considered harmless, "reversal will nevertheless be required when 'the cumulative effect of [multiple] errors and defects substantially affected the fairness of the trial proceedings and the integrity of the fact-finding process.'" *Howard-Walker v. People*, 2019 CO 69, ¶ 24 (alteration in original) (quoting *People v. Lucero*, 615 P.2d 660, 666 (Colo. 1980)). But this doctrine, "although applied regularly in criminal appeals, has not been extended to civil cases." *Acierno v. Garyfallou*, 2016 COA 91, ¶ 66.

¶ 57    We have rejected each of Topa's contentions of error.  So, even assuming the doctrine of cumulative error extends to civil cases, it would not provide a basis for reversal in this case.  *See id.* at ¶ 67.

## VI.    Appellate Attorney Fees

¶ 58    Finally, we consider defendants' request for appellate attorney fees under C.A.R. 38(b) and section 13-17-102, C.R.S. 2025, on the basis that Topa's appeal is substantially frivolous, groundless, and vexatious.  Even if we were to find that Topa's appeal was substantially frivolous, groundless, and vexatious, we still would deny the fee request because Topa is self-represented and defendants haven't demonstrated that she *clearly knew or reasonably should have known* the appeal was substantially frivolous, groundless, or vexatious.  *See* § 13-17-102(6); *Artes-Roy v. Lyman*, 833 P.2d 62, 63 (Colo. App. 1992).

## VII.   Disposition

¶ 59    The judgment is affirmed.

JUDGE GROVE and JUDGE MOULTRIE concur.